GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff, Jeanne Roussel, damages in the amount of $5,742.17, including $742.17 medicals, for injuries sustained by her when she slipped and fell while alighting from a public bus operated by the defendant. Plaintiff argued that she slipped and fell on an area of *480 the steps where the protective rubber matting had been rubbed or worn away, leaving an exposed and slippery surface. From that judgment, which we affirm, defendant appeals.
The appellant argues that the trial court erred both in finding defendants negligent and failing to find plaintiff contributorily negligent.
Photographic exhibits presented by the defendant as NOPSI # 3 and # 4 show a clear wearing away of part of the rubber surface. In holding defendant liable, the trial judge in his written reasons for judgment, relied upon Davis v. Owen, 368 So.2d 1052 (1979) and Wise v. Prescott, as cited therein:
“Because plaintiffs were fare-paying passengers on a public conveyance and were injured, defendant NOPSI had the burden of proving that it was without the slightest degree of negligence. As this Court stated in Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).
‘The mere showing of injury to a fare paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.
* * * * * sit
A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence.
******
The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care.’ (citations omitted.)” At 1055.
It is clear that in the instant appeal, the defense did not prove that it was “without the slightest degree of negligence” by virtue of its own exhibits.
On the issue of contributory negligence, there is nothing contained within the record to show that plaintiff was negligent in any manner. At the time of the accident, she was 54 years old. She was wearing heels measuring approximately one and one-half inches. She stated that she observed the steps and continued to watch them as she alighted from the bus.
In light of the evidence presented, this court cannot conclude that the district court was manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (1973); Arceneaux v. Domingue, 365 So.2d 1330 (1978).
Accordingly, the judgment of the district court is affirmed.

AFFIRMED.