413 So.2d 527 (1982)
Desiree WALTON
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 12877.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
James Maher, III, New Orleans Public Service, Inc., New Orleans, for defendant-appellant.
Lee W. Rand, New Orleans, for plaintiff-appellee.
Before SCHOTT, KLEES and WARD, JJ.
SCHOTT, Judge.
Plaintiff, Desiree Walton, brought this action to recover damages resulting from a fall from a bus owned by defendant, New Orleans Public Service, Inc. (NOPSI). The trial judge found that NOPSI was free from negligence and dismissed plaintiff's suit. However, he taxed all costs against NOPSI. NOPSI has appealed on the issue of costs and plaintiff has answered the appeal on the issue of NOPSI's liability.

THE ISSUE OF LIABILITY
Plaintiff was a fare paying passenger when she slipped and fell while exiting from a bus. She contends that a defective door allowed water to accumulate on the bottom step, which in turn caused her fall. At the time of the accident the bus was stopped, and it was raining. Plaintiff's account of what occurred is not clear. She testified that she slipped from the bottom step and fell out of the bus; she also testified that she did not know which step she fell from. She stated that she first saw water on the bottom step when she was getting off the bus; she also testified that she first saw the water after she fell. She "imagines" that the water caused her fall. Plaintiff was unclear about the alleged defective door as well. She stated that the rubber on the door was worn and torn; she later testified that no rubber was missing from the door but that it did not close completely.
*528 A NOPSI claims investigator inspected the bus two days after the incident. She found that the door was not defective, the matting on the steps was in good shape and the hand railing was secure. The investigator explained that parts of the door overlap and that there was no opening between them. She also testified that there had never been a report of water leaking through the door onto the step. The bus driver did not see anything wrong with the door or see any accumulation of water.
NOPSI had the burden of proving that it was without the slightest degree of negligence once plaintiff established that she was injured while a fare paying passenger. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). The trial court found that NOPSI carried that burden and the record supports this conclusion. Both the bus driver and the claims investigator found nothing wrong with the bus. The doors were not defective; they closed normally and safely to keep the water out. The matting on the steps was in good shape also. There was no dangerous accumulation of water on the steps of the bus. NOPSI is not under a duty to keep the bus dry at all times. Ellizey v. NOPSI, 365 So.2d 10 (La.App. 4th Cir. 1978). The trial court correctly concluded that NOPSI was free of the slightest degree of negligence.

THE ISSUE OF COSTS
NOPSI contends that the trial judge erred in taxing it with the unsuccessful plaintiff's costs and asks that each party pay its own costs. LSA C.C.P. Art. 1920 confers discretion on the trial court in the taxing of costs but requires that the exercise of such discretion be equitable. As in Bowman v. NOPSI, 410 So.2d 270 (La.App. 4th Cir. 1982) there are no equitable considerations here to justify the taxing of plaintiff's costs against NOPSI and the trial court abused its discretion in doing so.
Accordingly, the judgment appealed from is affirmed but amended to require each party to bear its own costs.
AMENDED AND AFFIRMED.