GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing her personal injury suit against New Orleans Public Service, Inc. (NOPSI). We affirm.
On May 1, 1981, Iris Whitehead fell from the bottom step while alighting through the rear door of a NOPSI bus. According to plaintiff, after falling she noticed that the runner in the middle of the bottom step was worn through and had a shiny spot as large as the palm of her hand revealing the metal underneath. She claims the worn and defective step caused her to fall.
In written reasons for judgment, the trial judge stated “Plaintiff failed to sustain the burden of proof required.” Appealing, plaintiff contends the trial court erred by not applying the well established rule that once a fare paying passenger establishes a prima facie case of negligence by the mere showing of injury, the burden of proof shifts to the carrier to exculpate itself. See Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979); DeClouet v. New Orleans Public Service, Inc., 434 So.2d 130 (La.App. 4th Cir.1983) and Trask v. New Orleans Public Service, Inc., 422 So.2d 1285 (La.App. 4th Cir.1982).
Although it is true the trial judge did not articulate the above-cited, jurisprudential rule, his reasons for judgment reflect that he properly applied it in the instant case. In those reasons, he stated, “The Court is of the opinion that the rear step of the New Orleans Public Service, Inc. bus was not defective nor did a dangerous condition exist which caused plaintiffs fall and her injuries.” We interpret these reasons to mean that NOPSI had exculpated itself (in the trial judge’s thinking) by showing the step was not defective. The evidence supports this conclusion.
Melcom Ross, an investigating officer of the New Orleans Police Department, examined the steps of the rear door shortly after the accident. According to Ross, there was a “little indentation” in the middle of the rubber covering the last step where it was worn, “to where you wouldn’t be able to see the yellow line” bordering the step.
A passenger seated across from the rear door of the bus when the incident occurred did not notice that other passengers had difficulties using the rear steps. This passenger, who exited through the front door of the bus after the incident, acknowledged that the rear steps looked “safe” to her.
Charles Clay, a supervisor for the transit department of NOPSI who investigated the accident, testified that shortly after the incident he had examined the rear steps and found them “worn some, but not damaged, and if the bus was damaged, it would have to be taken out of service_” He did not have the bus taken out of service that day.
Our case is unlike those cases where plaintiffs slipped on debris or water on a bus. See DeClouet, supra, and Trask, supra. Nor is it like Roussel v. New Orleans Public Service, Inc., 385 So.2d 479 (La.App. 4th Cir.1980), where the protective matting had worn away on the steps leaving an exposed and slippery surface, and NOPSI failed to prove it was “without the slightest degree of negligence.”
Rather, our case is more closely akin to Walton v. New Orleans Public Service, Inc., 413 So.2d 527 (La.App. 4th Cir.1982), where we affirmed the trial judge’s dismissal of a suit by a passenger who contended a defective bus door had allowed water to accumulate on the bottom step and caused her to fall. The trial judge in Walton concluded NOPSI had met its burden of proving it was without the slightest degree of negligence after the claims investigator and the bus driver had found neither the back door, the matting on the steps, nor the hand railing defective.
Finally, we find no merit to plaintiff’s alternative contention that the trial *804 court erred in failing to find defendant strictly liable under LSA-C.C. Art. 2317. Louisiana law has not adopted strict liability in public conveyance case.[1]
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. Public carriers, while not insurers of their passengers, are required to exercise the highest degree of care to transport passengers safely to their. destinations. See Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963) and Trask v. New Orleans Public Service, Inc., supra.