449 So.2d 7 (1984)
Dr. Samuel E. FIELD, Jr.
v.
June B. MERRITT and the Commissioner of Insurance.
No. 83 CA 0250.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
Writ Denied June 1, 1984.
*8 F.W. Middleton, Jr., Baton Rouge, for plaintiff-appellee Dr. Samuel E. Field, Jr.
Arthur Cobb, Baton Rouge, for defendant-appellant June B. Merritt.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Dr. Samuel E. Field filed a "Petition and Peremptory Exception of Prescription" naming as co-defendants June B. Merritt and the Honorable Sherman A. Bernard, Commissioner of Insurance. The pleading sought to obtain a determination that Mrs. Merritt's right to convoke a medical review panel concerning her claim for her husband's death had prescribed, and further sought to have the panel dismissed.
The pleading recites that Mrs. Merritt filed suit for malpractice against Dr. Field in the Nineteenth Judicial District Court, Parish of East Baton Rouge, on July 25, 1980, and that the suit was dismissed without prejudice on September 25, 1980, on an exception of prematurity because Mrs. Merritt had failed to convoke a Medical Review Panel as required by LSA-R.S. 40:1299.41 et seq. Mrs. Merritt, it is alleged, later filed a request to convoke such a panel on March 1, 1982. Annexed to Dr. Field's pleading in this proceeding is a copy of the original petition filed by Mrs. Merritt on July 25, 1980, and a copy of a letter dated March 1, 1982, by Mrs. Merritt's attorney written after dismissal of the original suit requesting the convocation of a medical review panel. Generally, the original suit alleges that Mrs. Merritt's husband, James D. Merritt, consulted Dr. Field for treatment for obesity, and died two days after a stomach stapling operation was performed by Dr. Field within one week thereafter. Mrs. Merritt alleged failure to inform Mr. or Mrs. Merritt of the risks involved in the operation.
After a hearing on Dr. Field's exception of prescription, the trial court sustained the exception of prescription, and ordered the Commissioner of Insurance to dismiss the medical review panel. Mrs. Merritt appealed. We affirm.
Service of citation of the "Petition and Peremptory Exception of Prescription" upon Mrs. Merritt was never effected. However, her attorney made an appearance both in the trial court, and in this court as counsel for appellant. Thus, any possible exception of insufficiency of citation that Mrs. Merritt may have had was waived. LSA-C.C.P. art. 925.
The transcript of the hearing upon the "Petition and Peremptory Exception of Prescription" is not in the record. However, if the record is deficient, it must be assumed that the evidence submitted or stipulated supported the result reached by the trial court. Dowden v. Miller, 415 So.2d 283 (La.App. 1st Cir.1982), reversed on other grounds 425 So.2d 706 (La.1982); United Pentecostal Church v. Interstate Surplus Underwriters, 368 So.2d 1104 (La. *9 App. 2d Cir.1979), writ denied 371 So.2d 621 (1979).
The basic argument put forth by Mrs. Merritt is that although the right to file suit may have prescribed before the letter requesting the convocation of the medical review panel dated March 1, 1982, was written, the statute providing for the convocation of a medical review panel contains no prescriptive period.
First, we must note that the right to file suit absent the requirement of a medical review panel, prescribed one year after the alleged fault on the part of Dr. Field or one year after the discovery of the alleged fault, whichever is later, under the provisions of LSA-R.S. 9:5628, which reads as follows:
"A. No action for damages for injury or death against any physician, chiropractor, dentist or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts."
Thus, even assuming that Mrs. Merritt did not discover the alleged fault on the part of Dr. Field until shortly before she filed her original suit on July 25, 1980, she would have been required, absent the requirement that a medical review panel be convoked, to file suit at least before July 25, 1981. However, the statute providing for the medical review panel, LSA-R.S. 40:1299.47 requires that a medical review panel be established to review a proposed complaint before suit may be filed, unless by agreement of the parties the use of a medical review panel is waived. LSA-R.S. 40:1299.47B(1).
LSA-R.S. 40:1299.47 as it stood at the time of the alleged fault and the filing of the original suit by Mrs. Merritt obviously required that the medical review panel be requested within the applicable prescriptive period, which in this case is one year, or certainly no later than July 25, 1981[1]. First, Subsection A(2) of LSA-R.S. 40:1299.47 provides as follows:
"(2) The filing of the request for review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney, of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who is not qualified under this part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that the health care provider is not covered by this Part. The request for review of a claim under this Section shall be deemed filed on the date of the receipt of the complaint stamped and certified by the commissioner or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail."
Furthermore, Subsection G of LSA-R.S. 40:1299.41 provides the remedy of prescription against a health care provider (such as a physician) who is "answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended *10 for a period of ninety days ...". Thus, prescription is implicit in the entire statute.
Also, we see the sole purpose of the entire statute, beginning with LSA-R.S. 40:1299.41 and continuing through 40:1299.47, is to require that the convocation of a medical review panel be a precondition to the filing of suit against a health care provider. If the right to file suit has prescribed, the issues before the medical review panel become moot, as there is no possible benefit in further review of the medical review panel.
This view was recognized by the legislature in the enactment of Subsection B(2) of LSA-R.S. 40:1299.47, by Act No. 674 of 1982, which Subsection reads as follows:
"(2) A health care provider, against whom a claim has been filed under the provisions of this part, may raise the preemptory (sic) exception of prescription in court at any time, without need for completion of the review process by the medical review panel. If the court finds that the claim had prescribed prior to being filed, the panel, if established, shall be dissolved."
Clearly, this provision was adopted long after the act of injury and the filing of the original suit. The question of retroactivity and whether the enactment is substantive or procedural is not adequately addressed by counsel. However, even if the enactment is not applicable to the present case, it merely represents the statement of that which was already the law, that a medical review panel must be dismissed if its establishment is sought after the running of the applicable prescriptive period, as all issues before it are then moot, suit being barred by prescription.
For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception of prescription and dismissing the medical review panel is affirmed, all costs to be paid by Mrs. June B. Merritt.
AFFIRMED.
NOTES
[1] She did not seek establishment of such a panel until a letter was addressed by her counsel to Mr. Emery Bates, Chief of Property and Casualty, Louisiana Patients' Cooperative Fund, dated "1 March, 1982".