476 So.2d 1074 (1985)
Hershal G. JOHNSON, Plaintiff-Appellee,
v.
BUCYRUS-ERIE COMPANY, Defendant-Appellant, and
Scott Truck and Tractor Company of Louisiana, Inc., Defendant,
Aetna Life and Casualty Company, Intervenor-Appellee.
No. 84-658.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1075 Jeansonne, Briney & Goudelocke, John A. Jeansonne, Jr., Lafayette, for defendant-appellant.
J. Eddie Knoll, Marksville, C. John Caskey of Due, Dodson, de Gravelles, Robinson & Caskey, Baton Rouge, for plaintiffappellee.
Trimble, Percy, Smith, Wilson, Foote, Walker & Honeycutt, James Trimble, Jr., Alexandria, for defendant-appellee.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Robert C. Nida, Alexandria, for intervenor-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
DOMENGEAUX, Judge.
This appeal arises from a products liability suit wherein the trial court taxed costs against the Bucyrus-Erie Company, the party who prevailed on the merits. Bucyrus-Erie Company has appealed on the issue of costs only. The appellees herein are the plaintiff, Hershal Johnson, and the intervenor, Aetna Life and Casualty Company.
Hershal Johnson originally filed suit against the Bucyrus-Erie Company and Scott Truck and Tractor Company of Louisiana, Inc., seeking recovery for alleged personal injuries sustained in a work related incident. After suit was filed, the worker's compensation insurance carrier of Mr. Johnson's employer, Aetna Life and Casualty Company, intervened. At trial the plaintiff's claims against Scott Truck and Tractor Company of Louisiana, Inc. were dismissed at the close of the plaintiff's case following a directed verdict in that defendant's favor. On the third and last day of trial the remaining claims against Bucyrus-Erie Company were submitted to the jury which returned a verdict in the defendant's favor. The trial judge rendered judgment in accordance with the jury's findings. However, the lower court's decision taxed all costs of trial (the sum of $4,105.09) against the prevailing defendant, Bucyrus-Erie Company.
Defendant-appellant, Bucyrus-Erie Company, has appealed, alleging that "[t]he trial court erred in taxing court costs in a tort suit to the successful defendant, where circumstances did not justify doing so." Although appellant's contentions may have merit, for the reasons hereinafter assigned we are unable to make that determination on a factually barren record.
La.C.C.P. Art. 1920 provides that a court may assess costs against any party, even against the party prevailing on the merits. Jinks v. McClure, 344 So.2d 675 (La.App. 3rd Cir.1977). Furthermore, the trial court is vested with great discretion in determining who is liable for costs of court. American Deposit Insurance Company v. Walker, 450 So.2d 33 (La.App. 3rd Cir. 1984). However, the discretion of the trial court in assessment of costs is restricted to the realm of the "equitable" by La.C.C.P. Art. 1920. What is "equitable" can only be determined on a case-by-case basis which necessarily involves a review of the facts involved. Bryant v. Harris, 295 So.2d 566 (La.App. 3rd Cir.1974); LeBlanc v. Opt, Inc., 421 So.2d 984 (La.App. 3rd Cir.1982), writ to Third Circuit Court of Appeal denied, 427 So.2d 438 (La.1983), writ denied, 429 So.2d 132 (La.1983).
In its brief appellant states that "to minimize expense, and to avoid increasing this Court's burden, this Appeal has been taken.... pursuant to Article 2128 of the Code of Civil Procedure." In other words, *1076 the appellant took a limited appeal pursuant to La.C.C.P. Art. 2128 and designated only the pleadings in the case as the Record on Appeal. Claiming as authority La.C.C.P. Art. 2129, appellant filed into the record a Statement of Points upon which it intended to rely in this appeal. Appellant's Statement of Points can best be described as a litany of what it perceived as the "facts" adduced at trial. Appellees take the position that there is no fact record enabling a review of the equities in the costs issue before this Court. They maintain that a Statement of Points is not a substitute for the Record on Appeal.
We agree with the appellees' interpretation of the applicable codal articles. La.C.C.P. Art. 2130 and 2131 provide that the facts of a case may reach an appellate court in one of three ways: transcribed testimony, stipulated narrative of facts, or the trial court's written narrative of facts. La.C.C.P. Art. 2129 does not authorize a party to unilaterally narrate the alleged facts for the benefit of the appellate court; that Article merely requires an assignment of errors (or, a Statement of Points) when the appellant takes a limited appeal.
Finally, the appellant contends that if the appellees felt that the testimony at trial was necessary for this Court's review, they should have requested a supplemental record pursuant to La.C.C.P. Art. 2128. We find this case to be substantially similar to Shannon's Refrigeration Service Contractors, Inc. v. General Oilfield Trucking, Inc., 277 So.2d 457 (La.App. 1st Cir.1973), wherein it was said:
"There is no transcript of testimony in the record for the court to review. Also there is no note of evidence stipulated to by the parties or submitted by the trial judge. Additionally there are no reasons for judgment from the trial court. Where there is no note of evidence in the record, it is presumed the trial judge proceeded on proper evidence and it is appellant's duty to produce the transcript or note of evidence necessary to show the contrary." (Citations omitted), (Emphasis Ours).
Since the appellant has not produced the testimony necessary for our review of the factual issues inherent in this appeal, we are bound to presume that the judgment of the trial court was correct and supported by sufficient competent evidence. Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 994 (La.1981); Succession of Cameron, 446 So.2d 948 (La. App. 3rd Cir.1984).
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal to be borne by the appellant.
AFFIRMED.
FORET, J., dissents and assigns reasons.
FORET, Judge, dissenting.
In this case, the only issue involved on appeal is the matter of costs which were taxed against the defendant, Bucyrus-Erie Co., the party who prevailed on the merits.
Plaintiff filed suit against the defendants alleging personal injury damages sustained in a work-related accident. A jury rendered judgment in favor of defendants; however, the lower court taxed all costs, $4,105.09, against the prevailing defendant, Bucyrus-Erie Co. The majority proposes to affirm the trial court's assessment of costs reasoning that there is not a sufficient record on appeal for us to review whether or not the trial court was correct. I disagree and respectfully dissent.
C.C.P. Art. 1920 provides that a court may assess costs against any party, even against the party prevailing on the merits. I have no argument with that. However, the general rule is, under Art. 1920 and under the jurisprudence, much of which I have reviewed in this connection, that it is only in the exceptional case where costs should be taxed against the prevailing party. It is true that each case must be decided on its own merits. In this particular case, inasmuch as we have no record, no narrative of facts, no stipulation of facts, etc., the majority proposes to affirm the trial court judgment, which, in my view, *1077 may have grossly abused its discretion. It seems to me that a trial judge, when going contra to the general rule of taxing the losing party with the costs, has at least a minimal duty of stating his reasons therefor. I simply do not believe that the trial judge has, nor should we permit, unbridled discretion in this connection.
There are myriads of cases stating the general rule, but I cite the case of Walton v. New Orleans Public Service, Inc., 413 So.2d 527 (La.App. 4 Cir.1982), wherein the trial court had rendered judgment in favor of the defendant in a bus accident case, but had taxed the entire costs against the defendant bus company. Judge Schott said:
"NOPSI contends that the trial judge erred in taxing it with the unsuccessful plaintiff's costs and asks that each party pay its own costs. LSA-C.C.P. Art. 1920 confers discretion on the trial court in the taxing of costs but requires that the exercise of such discretion be equitable. As in Bowman v. NOPSI, 410 So.2d 270 (La.App. 4 Cir.1982), there are no equitable considerations here to justify the taxing of plaintiff's costs against NOPSI and the trial court abused its discretion in so doing. Accordingly, the judgment appealed is affirmed but amended to require each party to bear its own costs."
It seems to me that the reasoning of the Walton case is sound. In this case, where we do not have the record to make a factual determination, we should at least consider that equity requires that each party be taxed with its own costs. Accordingly, I believe that the judgment of the trial court should be vacated, set aside, and remanded to the trial court for the assessment to each party his respective costs.