477 So.2d 1293 (1985)
James EAGLE, Plaintiff-Appellee,
v.
Yupha EAGLE, Defendant-Appellant.
No. 84-788.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*1294 Bernard Kramer, Alexandria, for defendant-appellant.
Kenneth P. Rodenbeck, Alexandria, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, J.
YELVERTON, Judge.
James Eagle filed suit in the Parish of Rapides for a legal separation against his wife and for custody of their minor child. James Eagle is in the Air Force stationed at a base in Alexandria, Louisiana. Yupha Eagle, the wife, excepted to the jurisdiction of the court, claiming that neither she nor her husband were domiciliaries of Louisiana. From a judgment overruling the exception, the defendant has appealed. We affirm.
The Eagles were married in 1978 in Vermont. They moved to Alexandria, which is in Rapides Parish, in early 1983. The suit was filed on December 7, 1983. Yupha Eagle filed an exception to citation and service of process, which was overruled. She then filed an exception of lack of jurisdiction over the person of the defendant and the child, and lack of jurisdiction over the subject matter of the action, alleging that neither she nor her husband were domiciliaries of the State of Louisiana, and that the minor child was at that time in her physical custody in the State of Ohio. On April 2, 1984, a hearing on the exception was held. The minutes reflect that testimony was adduced at this hearing and that it was recorded. Judgment was rendered on April 5, 1984, overruling the exception. On May 14,1984, a hearing was held on the rule for custody. On May 23, 1984, judgment was signed awarding the father the sole custody of the minor child. The mother appeals, contesting the overruling of her Exception to Jurisdiction. This is the single issue presented.
The testimony taken at the hearing on the Exception to Jurisdiction was not transcribed. A minute entry reflects that the hearing was recorded, that testimony was adduced, and that the attorneys for both parties were present and argued. The trial court determined that jurisdiction was present based on the evidence. Because the hearing on the exception was not transcribed, that evidence is not before us. All of the proceedings except this one hearing were transcribed and are in the record.
Under LSA-C.C.P. arts. 10 subd. A(5) and (7) and 74.2(A), jurisdiction in an action for separation from bed and board, and in a proceeding to obtain the legal custody of a minor, involves determinations of domicile. The determination of domicile is a factual question. Slocum v. DeWitt, 374 So.2d 755 (La.App. 3rd Cir.1979), writ denied 375 So.2d 1182 (La.1979).
The record does not contain a narrative of facts agreed to by the parties or made by the judge pursuant to the provisions of La.C.C.P. arts. 2130 and 2131, regarding this hearing. The claims of the defendant present factual issues. Under the circumstances, this court must presume that the judgment of the trial court is correct and supported by sufficient evidence. Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3rd Cir.1981), writ denied 401 So.2d 994 (La.1981); Johnson v. Bucyrus-Erie Company, 476 So.2d 1074 (La.App. 3rd Cir.1985).
The only testimony transcribed and in the record on appeal pertinent to jurisdiction was taken at the hearing on the rule for custody. That evidence shows only *1295 that plaintiff and his wife moved to Alexandria, Louisiana, in June 1983, that he was a Staff Sergeant at England Air Force Base, and that he was guaranteed to be stationed there for three more years. In an affidavit plaintiff stated the child lived in Louisiana until December 11, 1983, when she and her mother moved to Ohio.
Appellant argues that Sergeant Eagle is a career Air Force non-commissioned officer and is merely stationed in Rapides Parish, Louisiana, and that he is not domiciled there. She argues further that she was not domiciled in the State and that the minor child is no longer present in the State. Therefore, she urges that the court lacked jurisdiction over the separation and custody proceedings.
She may be right, but we do not know. Under La.C.C.P. articles 2128 and 2129, the appellant had the duty to designate the record on appeal. It is well settled that if the record is deficient or incomplete, it must be assumed that the evidence missing from the record and not designated by the appellant for consideration on the appeal, supported the judgment of the trial court. See Field v. Merritt, 449 So.2d 7 (La.App. 1st Cir.1984), writ denied, 450 So.2d 964 (La.1984). Since the evidence before this court is insufficient to conclude whether the court lacked jurisdiction over these proceedings, we must presume the judgment was supported by sufficient evidence and is correct.
For these foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.