FORET, Judge.
The sole issue on appeal is the effective date of the child support award. Carey Don Sonnier has appealed from a judgment on his wife’s rule which fixed the amount of child support and made it effective from the date of a prior judgment that changed the custody of two minor children from him to his wife, Angela Marie Theriot.
The rule was originally filed on December 7, 1984. It was heard on January 4, 1985[1] and, on February 15, a formal decree was signed giving the wife custody, but withholding rulings on child support and visitation privileges of the husband for lack of evidence on these issues. Being unable to resolve the matters amicably, the rule was re-fixed and heard on October 4, 1985. Judgment was rendered in open court that day and was signed on October 24, 1985, ordering the husband to pay $150 monthly for the support of each of the two children, effective February 15, 1985, when the previous judgment changing custody was signed, and fixing the visitation privileges of the husband.
The husband contends that he is not able to pay the past due support and that the judge erred in failing to find good cause for making the award effective on October 1 or 15, 1985. He asserts that this issue was not considered by the judge.
LSA-R.S. 9:310 provides in part as follows:
“A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
* * * * * ⅜
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.”
The trial judge did consider and find there was “good cause” for not making the child support award retroactive to the date the rule was originally filed as provided by *62 Section A of the statute, because he made same effective from the date the previous judgment was signed changing the custody of the children, i.e., February 15, 1985, instead of the filing date of the rule.
Appellant did not request inclusion of the transcript of the October 4, 1985 hearing in his designation of the record for appeal under La.C.C.P. art. 2128. Therefore, we have not been afforded an opportunity to review same.
There being no transcript of the testimony or a narrative of the facts for us to review, we must apply the presumption that the trial court judgment of October 24, 1985, fixing the child support and the effective date thereof was supported by competent evidence. Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3 Cir.1985); Eagle v. Eagle, 477 So.2d 1293 (La.App. 3 Cir.1985).
Furthermore, it is axiomatic that the trial court has great discretion in fixing the amount of child support and the effective date of commencement of same. We are unable to say that the trial court herein abused its discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Mrs. Sonnier also sought custody of and support for a third child born after the parties separated. A rule for injunctive relief filed by Mr. Sonnier was taken up at the same time. However, these two issues are not involved in this appeal.