MARVIN, Judge.
The plaintiff agent of a bail bonding company appeals a judgment dismissing its demands against defendant for a $5,000 bail bond fee due under a written contract. The dismissal was based on defendant’s peremptory exception of no right of action which was referred to the merits and sustained after trial.
On the basis of this limited record, we affirm.
On Christmas day, 1985, plaintiff allegedly wrote a $50,000 bond under which *666 Sunbelt Southern Lloyd’s, allegedly a bonding company, guaranteed the court appearance of Samantha Givens. One Sandra B. Largin signed the bail bond application which contained her indemnity agreement and obligated her to pay the $5,000 premium for the bond. Ms. Largin paid the premium with a $5,000 check which was not honored. Plaintiff made several demands on Samantha Givens and thereafter threatened to cancel the bond and return Givens to the custody of the sheriff.
On February 15, 1986, defendant Janice Harvey, a friend of Samantha Givens, signed a supplemental bail bond application which contained her indemnity agreement and obligated her to pay the $5,000 premium for the bond. In answer to plaintiff’s petition for the premium, Ms. Harvey asserted that she signed the agreement in blank and with the understanding that she was only acting as a “surety” for Ms. Givens and was not to be liable or responsible to anyone for the premium. At trial, Ms. Harvey testified to the same effect.
Plaintiff’s president, Wiley Fallon, testified that plaintiff was a general agent for Sunbelt Southern Lloyd’s and was authorized to write bail bonds for that company. He produced a form entitled “Certificate of Discharge Bond, Sun Belt Southern Lloyd’s,” which indicates only that plaintiff had written bail bonds for that company, but which is not, as he asserted, a power of attorney to plaintiff.
Fallon testified that he conversed with Ms. Harvey’s banker by telephone to satisfy himself that she had funds with which to pay the bond before she signed the application and indemnity agreement. He said that he made Ms. Harvey aware that she would have to pay the $5,000 premium or that he would cancel the bond and return Ms. Givens to the custody of the sheriff. Ms. Harvey acknowledged that she understood that Fallon was “afraid” that Ms. Givens might flee the area to avoid a court appearance because Ms. Givens had “moved” to another location after the bond was written.
Fallon explained that the premium of 10 percent of the amount of the bond was owed to plaintiff who would thereafter pay thirty percent of the premium to Sunbelt which kept twenty per cent and placed ten percent of the premium in an escrow account to Sunbelt’s credit. He said that plaintiff had served as agent for Sunbelt since late 1984, writing bonds in north Louisiana.
The Bossier Parish bail bond form, which names “Sunbelt Southern Lloyd’s” as surety, was executed by an indistinguishable and unexplained proper name other than Sunbelt Southern Lloyd’s as “surety.” It also purports to have been executed by Samantha Givens and accepted by the Sheriff of Bossier Parish. The bail bond was offered in evidence but was objected to on the grounds that Fallon had not testified about the signatures thereon. Fallon was not asked to identify the signatures on the bail bond. Its admissibility was taken under advisement and the record contains no ruling on its admissibility or any reasons for judgment.
In the exception of no right of action, defendant asserted that the contract sued on is “in favor of Sunbelt Southern Lloyd’s and there is no allegation ... showing that Wiley Fallon Bail Bonds, Inc., is the owner of the contract...” The filing of the exception required plaintiff to prove its agency and authority by competent and sufficient evidence. In an action based on an agency relationship, the party claiming to have acted as an agent bears the burden of proving the relationship. Keahey v. Osborne Ford-Lincoln-Mercury, Inc., 485 So.2d 182 (La.App. 2d Cir.1986). Fallon made no attempt to prove his agency by competent evidence. See LRS 22:1170, 1171. Compare Meche v. Arceneaux, 460 So.2d 89 (La.App. 3d Cir.1984). The application containing the indemnity agreement which was signed by Ms. Harvey makes absolutely no reference to plaintiff. It is signed only by Samantha Givens and by Ms. Harvey and obligates them only to “Southern Sunbelt Lloyd’s” who is otherwise not identified.
The trial court allowed evidence to be taken on the exception, referring it to the merits and having the case fully tried be *667 fore pronouncing its judgment dismissing plaintiff’s action on the exception. Under the circumstances of this record, we find no error and do not remand to allow plaintiff to amend under CCP Art. 934. Plaintiff had the opportunity to prove its authority or capacity to sue on the contract and did not do so. Plaintiffs evidence beyond its pleadings was not objected to.
Affirmance of this judgment does not address whether Southern Sunbelt Lloyd’s, to whom the application and indemnity agreement is made, has a cause of action against Ms. Harvey for the premium or whether the contract was vitiated for any legal reason in its inception. The trial court did not give reasons for judgment or assess the credibility of the two witnesses, Ms. Harvey and Mr. Fallon.
Plaintiff argues that the trial court should not have considered the exception because it was not served by the sheriff on plaintiff. The exception may be pleaded at any stage of the proceedings, even in the appellate court, prior to submission of the case for decision. It may be noticed by either the trial or the appellate court without being “filed” by a litigant. CCP Arts. 927, 928, 2163. Teachers’ Retirement System v. La. St. Employees, 456 So.2d 594 (La.1984). The law does not require service of such an exception. CCP Arts. 1313, 1314. An exception of no right of action simply questions the interest or capacity of the particular plaintiff to assert the cause of action. The exception is triable as an issue of fact and evidence thereon may be taken. Referring this exception to the merits is within the discretion of the trial court. West v. State, State Superintendent of Pub. Ed., 324 So.2d 579 (La.App. 1st Cir.1976).
DECREE
At the cost of plaintiff-appellant, the judgment is AFFIRMED.