578 So.2d 1011 (1991)
In re MEDICAL REVIEW PANEL FOR the CLAIM OF Mrs. Bertie Rita BRUNET, Individually and on Behalf of her Deceased Husband, Russell J. Brunet, Sr.
No. 90-CA-1308.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
*1012 Harvey J. Godofsky, Metairie, for appellees, Dr. Patrick Stumpf, Dr. Michael McAlvanah, and Louisiana Medical Mut. Ins. Co.
Albert H. Hanemann, Jr., Susan C. Northrop, Lemle & Kelleher, New Orleans, for appellees, Thomas D. McCaffery, Jr., M.D., and St. Paul Fire and Marine Ins. Co.
George M. Papale, Michael C. Luquet, Stumpf, Dugas, LeBlanc, Papale & Ripp, Gretna, for appellees, Hosp. Service Dist. No. 1 of Jefferson Parish, D/B/A West Jefferson Medical Center.
Gerald Thos. Laborde, Gretna, for appellants.
Before BARRY, WILLIAMS and BECKER, JJ.
BARRY, Judge.
This appeal is from the dismissal of a medical malpractice suit which was filed in a pending discovery proceeding.
Russell Brunet, Sr. died on October 6, 1987. On October 3, 1988 his widow and children filed a medical malpractice suit in Jefferson Parish against Drs. Patrick Stumpf, Jr., Michael McAlvanah and Thomas McCaffery; Stumpf's and McAlvanah's insurer, Louisiana Medical Mutual Insurance Company (LAMMICO); McCaffery's insurer, St. Paul Fire and Marine Insurance Company (St. Paul); and West Jefferson General Hospital. All defendants are health care providers as defined in the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq. ("The Malpractice Act").
The trial court maintained exceptions of prematurity because plaintiffs filed suit prior to presenting the complaint to a Medical Review Panel as required by the Malpractice Act. Suit was dismissed without prejudice as to all defendants and a Medical Review Panel was convened.
In order to facilitate discovery the Malpractice Act provides:
Upon request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and/or copying. La.R.S. 40:1299.47(D)(4).
The defendant physicians and their insurers filed petitions with the Clerk of Orleans Civil District Court requesting that case numbers be assigned for the purpose of issuing subpoenas, interrogatories and requests for production of documents. The hospital filed a similar petition in Jefferson Parish. The petition filed by Drs. Stumpf and McAlvanah and LAMMICO in Orleans Civil District Court was allotted # 88-20656 and assigned to Division "J".
On January 4, 1990 the Medical Review Panel ruled that the evidence did not support a malpractice claim. After the review panel opinion, plaintiffs filed in Orleans Civil District Court "Plaintiffs' Petition for Damages (Trial By Jury Requested)". The petition was not alloted, rather it was filed under Civil Action #88-20656, Division "J", the number and division of the petition for subpoena power filed by Drs. Stumpf and McAlvanah and LAMMICO.
The attorneys representing Dr. McCaffery and St. Paul, Drs. Stumpf and McAlvanah and LAMMICO, and the hospital each filed an exception of no cause of action, arguing that plaintiffs' petition should be dismissed because it was filed under the docket number of a discovery petition. The hospital also filed a declinatory exception of improper venue. The hearing on the exception filed by Dr. McCaffery and St. Paul was set for April 6, 1990; the hearing on the exception filed by Drs. Stumpf, McAlvanah and LAMMICO was set for April 27, 1990; and the hearing on the hospital's exceptions was set for May 4, 1990.
On March 29, 1990, on motion of Drs. Stumpf and MacAlvanah and LAMMICO, *1013 the trial judge signed an ex parte judgment which dismissed with prejudice Petition for Subpoena Power # 88-20656 because the Medical Review Panel process had concluded. That ex parte judgment dismissed only the discovery proceedings of Drs. Stumpf and McAlvanah and LAMMICO, and not plaintiffs' petition for damages filed under the same docket number.
The parties state in briefs that on April 6, 1990 the trial court granted Dr. McCaffery's and St. Paul's exception of no cause of action and dismissed plaintiffs' petition for damages as to all defendants. Plaintiffs' counsel did not appear at the hearing or file an opposition. After the judgment was signed on April 10, 1990 it was determined that plaintiffs did not receive notice of the hearing. The April 10th judgment does not appear in the record. In any event that judgment is an absolute nullity. C.C.P. art. 1201.
On April 27, 1990 plaintiffs' attorney participated in a hearing on the exception of no cause of action filed by Drs. Stumpf, McAlvanah and LAMMICO. The court dismissed plaintiffs' petition as to all defendants.

ASSIGNMENT OF ERROR 1
Plaintiffs now argue that the trial court erred on April 27 by dismissing their demands based on exceptions and motions which were not timely served.
On April 27, 1990 plaintiffs' counsel argued his opposition to Drs. Stumpf, McAlvanah and LAMMICO's exception of no cause of action. When a defendant makes an appearance the declinatory exception of insufficient service is waived unless pleaded therein. C.C.P. art. 925. Field v. Merritt, 449 So.2d 7 (La.App. 1st Cir.1984), writ denied 450 So.2d 964 (La. 1984).
By appearing on April 27, plaintiffs' counsel waived any objection of insufficiency of service as to that hearing. C.C.P. art. 925. Field, supra.
The exception of no cause of action may be noticed by either the trial or appellate court on its own motion if proof of the ground of the exception appears in the record. C.C.P. arts. 927, 928, 2163. Teachers' Retirement System v. La. St. Employees, 456 So.2d 594 (La.1984); Wiley Fallon Bail Bonds, Inc. v. Harvey, 528 So.2d 665 (La.App. 2d Cir.1988).
The court correctly ordered plaintiffs' petition dismissed as to all defendants since it was filed under the subpoena power petition number. See Rule 8, Section 1, Rules of the Civil District Court for the Parish of Orleans. A petition for discovery power under R.S. 40:1299 is an administrative proceeding to accommodate counsel, litigants and witnesses. R.S. 40:1299 does not convey a right as to subject matter jurisdiction or venue.
Since we find the trial court correctly dismissed the petition we pretermit plaintiffs' other assignment.
Defendants Dr. Stumpf, Dr. McAlvanah and LAMMICO answered the appeal seeking damages for a frivolous appeal. C.C.P. art. 2164 That article is penal in nature and must be construed strictly.
Damages are appropriate when it is clear that the appeal was taken solely for the purpose of delay or when it is evident that appellant's counsel does not seriously advocate the position he has taken. Weatherall v. Dept. Health & Human Resources, 432 So.2d 988 (La.App. 1st Cir. 1983). We do not believe that damages are appropriate in this case.
We amend the judgment to specify that dismissal of plaintiff's petition is without prejudice.
AMENDED AND AFFIRMED AS AMENDED.