645 So.2d 727 (1994)
Tanya ROBERTSON
v.
NORTHSHORE REGIONAL MEDICAL CENTER, et al.
No. 93 CA 1375.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Rehearing Denied December 12, 1994.
*728 Louis A. Gerdes, Jr., New Orleans, for plaintiff-appellant Tanya Robertson.
J. Michael Daly, Jr., Windhorst, Gaudry, Ranson, Higgins & Gremillion, Harvey, for defendants-appellees NorthShore Regional Medical Center, et al.
Before GONZALES, FOGG and PARRO, JJ.
PARRO, Judge.
This is an appeal from the dismissal of an amended petition which was filed in a pending discovery proceeding initiated by a defendant in conjunction with a malpractice complaint submitted to a medical review panel. We reverse and remand.

FACTS AND PROCEDURAL HISTORY
Tanya Robertson ("Robertson"), individually and on behalf of her minor son, Brendan Colby Bernard, filed a medical malpractice complaint against NorthShore Regional Medical Center ("NorthShore"), Dr. Jeanne Eddington and Dr. Robert Muller. Pursuant to the Medical Malpractice Act (LSA-R.S. 40:1299.41 et seq.), her complaint was presented to a medical review panel for consideration.
Subsequent to the filing of Robertson's medical malpractice complaint, NorthShore filed a petition in accordance with LSA-R.S. 40:1299.47(D)(4) with the Twenty-second Judicial District Court for the Parish of St. Tammany to assign a case number to facilitate discovery in the proceedings before the medical review panel. Pursuant to this request, NorthShore's petition was assigned docket number 90-14524 and allotted to Division "C."
Once discovery was complete, the medical review panel was assembled to consider the merits of Robertson's malpractice claim. The record reveals that the medical review panel ruled in favor of NorthShore and the two defendant doctors. Disagreeing with the medical review panel's report, Robertson filed an "Amended Petition" in the related suit number 90-14524 which had been assigned to NorthShore's discovery proceeding. In this petition, Robertson stated that the medical review panel had rendered a decision, and she incorporated by reference the allegations of her original petition to the medical review panel.[1]
*729 Robertson's amended petition was met with NorthShore's peremptory exception raising the objection of no cause of action. The sole basis for NorthShore's exception was the misfiling of Robertson's amended petition in the suit record of its discovery proceeding. The district court granted NorthShore's exception of no cause of action and dismissed Robertson's amended petition against NorthShore.
Robertson appeals and submits that the district court erred in sustaining the exception of no cause of action since her otherwise timely petition was filed in the proper judicial forum.

ANALYSIS
NorthShore argues that the amended petition was improperly filed under the docket number of NorthShore's discovery proceeding and the dismissal was proper since there was no cause of action that could be raised in its discovery proceeding. In support of its position, NorthShore cites the factually similar case of In re Medical Review Panel for the Claim of Brunet, 578 So.2d 1011 (La.App. 4th Cir.1991), which sustained an exception of no cause of action on the basis that the petition was filed under the discovery proceeding number and LSA-R.S. 40:1299.47(D)(4) does not convey a right as to subject matter jurisdiction or venue. This holding in Brunet was the sole basis for NorthShore's exception.
We disagree with the rationale used by the court in the case of In re Medical Review Panel for the Claim of Brunet. It is true that LSA-R.S. 40:1299.47(D)(4) "does not convey a right as to subject matter jurisdiction or venue." In re Medical Review Panel for the Claim of Brunet, 578 So.2d at 1013. Jurisdiction is conferred by the state constitution and not by a statute. Generally, jurisdiction denotes the legal power or authority of a court to adjudicate, while venue signifies the place where the action or proceeding is to be brought and tried. LSA-C.C.P. arts. 1 and 41. Therefore, the filing of a pleading for whatever purpose has no relationship to the jurisdiction or venue of the court.
In this case, Robertson filed her amended petition with the clerk of court of the Twenty-second Judicial District Court. For the purpose of our analysis, it is assumed that that court was a court of competent jurisdiction. LSA-C.C.P. art. 5251(4). Therefore, the amended petition either states a cause of action or it does not, but certainly the docket number of a suit does not determine the legal efficacy of a pleading. Thus, we find that the district court erred in sustaining NorthShore's exception of no cause of action based on the grounds set forth in the exception.
Since a court possesses inherently all of the power necessary for the exercise of its jurisdiction, it would be a simple matter for the court to merely order its clerk of court to assign a new docket number to the amended petition. LSA-C.C.P. art. 191. Upon the payment of costs and the transfer of all appropriate documents to the new record, the amended petition could then be examined on the basis of whether or not it states a cause of action on the face of the pleading. If it does not, then the court should sustain such an exception subject to LSA-C.C.P. art. 934. If the amended petition does state a cause of action, then such an exception should be overruled.

DECREE
Accordingly, for the reasons assigned, the judgment of the district court sustaining the exception of no cause of action and dismissing Robertson's amended petition is reversed. This case is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be paid by NorthShore.
REVERSED AND REMANDED.
NOTES
[1] This court notes that her original petition to the medical review panel and the panel's report were not made a part of the appellate record.