734 So.2d 28 (1999)
LANE MEMORIAL HOSPITAL
v.
Thomas WATSON.
No. 98 CW 0273.
Court of Appeal of Louisiana, First Circuit.
March 3, 1999.
Writs Granted May 28, 1999.
*29 Randall L. Champagne, Baton Rouge, LA, for relator, Lane Memorial Hospital.
Eulis Simien, Jr., Baton Rouge, LA, for respondent, Thomas Watson.
Daniel A. Reed, Baton Rouge, LA, for Dr. Baron Williamson.
BEFORE: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
WHIPPLE, J.
This issue presented herein is whether a petition for damages for medical malpractice may be filed in a pending discovery proceeding initiated in conjunction with a medical malpractice complaint submitted to a medical review panel. The trial court denied exceptions of nonconformity and improper cumulation of actions filed in response to such a petition for damages. Having concluded that the trial court was correct in its ruling, we deny relators' writ application.

FACTS AND PROCEDURAL HISTORY
Thomas Watson filed a medical malpractice action before the Patient's Compensation Fund Oversight Board. While the case was being reviewed by a medical review panel, Lane Memorial Hospital (Lane Memorial), a defendant in that action, filed a "Petition to Have Suit Number Assigned" pursuant to LSA-R.S. 40:1299.47, in order to facilitate discovery in the proceedings before the medical review panel. The caption in that suit was "Lane Memorial Hospital v. Thomas Watson."
After the medical review panel concluded its review, Lane Memorial filed a motion to dismiss with prejudice "the Petition to Have Suit Number assigned filed herein by Lane Memorial Hospital, instituted solely for the purpose of effectuating discovery during the Medical Review Panel process." The motion was granted on October 27, 1997.
However, on October 22, 1997, prior to Lane Memorial's petition being dismissed, Watson and his three major children ("plaintiffs") filed a petition for damages under the same suit number as the discovery *30 proceeding. Plaintiffs' petition was captioned "Thomas Watson, Husband of the Deceased and Deborah Johnson, Lucius Gray, and Terral Watson, the Major Children of Thelma Watson v. Lane Memorial Hospital, Dr. Baron Williamson, and Michael Clark, C.R.N.A."
Lane Memorial, Clark and Williamson ("defendants") filed exceptions of nonconformity and improper cumulation of actions, asserting that plaintiffs improperly cumulated their medical malpractice action with the discovery action and that the caption failed to conform to the earlier action. The trial court denied the exceptions, and defendants applied to this court for supervisory writs, which application was denied by this court. Watson v. Lane Memorial Hospital, 98-0240 (La.App. 1st Cir. 5/1/98) (Shortess, J., dissented), and 98-0273 (La.App. 1st Cir. 5/26/98) (Shortess, J., dissented).
Lane Memorial and Clark then applied for a writ of review to the Louisiana Supreme Court. The supreme court granted the writ application and remanded this matter to this court for briefing, argument and opinion. Watson v. Lane Memorial Hospital, 98-1481 (La.9/4/98), 723 So.2d 962. In their brief to this court, Lane Memorial and Clark argue that allowing the filing of the petition for damages in the pending discovery proceeding (1) constitutes improper cumulation pursuant to LSA-C.C.P. art. 463, (2) circumvents random allotment and (3) allows forum shopping.
Additionally, these defendants contend that docketing the petition for damages under the suit number assigned to the discovery proceeding constitutes a misapplication of Rule III, Section 3, of the Nineteenth Judicial District Court. Finally, they aver that to the extent Rule III, Section 3 would permit the filing of the petition for damages in the discovery proceeding, the rule impermissibly conflicts with the Louisiana Code of Civil Procedure articles dealing with cumulation and random allotment of cases.

DISCUSSION

Application of Rule III, Section 3 of the Nineteenth Judicial District Court
The petition for damages filed herein was docketed under the existing suit number for the discovery proceeding pursuant to a local rule of the Nineteenth Judicial District Court. Rule III, Section 3, provides, in pertinent part, as follows:
Suits or proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, or to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as separate suits, but shall be treated as parts of the original suits out of which they arise, shall be docketed and numbered as parts of such suits, and shall follow the prior allotment or assignment to the respective Division of the Court.
Defendants contend that plaintiffs' petition for damages is not a suit "growing out of" the discovery suit, such that docketing the petition for damages under the suit number for the discovery proceeding constituted a misapplication of Rule III, Section 3, of the Nineteenth Judicial District Court. We disagree with defendant's interpretation of Rule III, Section 3's application herein.
As a prerequisite to filing a medical malpractice suit in district court, a party must first initiate proceedings for review of the claim by a medical review panel. LSA-R.S. 40:1299.47(A) & (B). The medical review panel is a body of experts assembled to evaluate the plaintiff's claims and to provide the courts and the parties with an expert opinion. Robertson v. Northshore Regional Medical Center, 97-2068, p. 6 (La.App. 1st Cir. 9/25/98); 723 So.2d 460, 464. In order to facilitate discovery during this stage of the proceedings, the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., provides, in pertinent part, as follows:

*31 Upon the request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and/or copying.
LSA-R.S. 40:1299.47(D)(4).
Pursuant to this statute, a party may initiate a discovery proceeding by the filing of a petition in district court to assign a case number for the purpose of conducting discovery in proceedings before the medical review panel. See Robertson v. Northshore Regional Medical Center, 93-1375, p. 2 (La.App. 1st Cir. 10/7/94); 645 So.2d 727, 728. Thus, the discovery proceeding authorized by LSA-R.S. 40:1299.47(D)(4) is merely a procedural mechanism to facilitate prosecution of the ultimate action, i.e., a medical malpractice suit. Additionally, any necessary judicial intervention at this preliminary stage (i.e., a petition to conduct or compel discovery or a petition to extend the life of the review panel) is simply a vehicle to aid in the determination of the ultimate claim and has no independent basis, except as a preliminary or related component of the anticipated medical malpractice suit. In this sense, the discovery proceeding and the ultimate medical malpractice suit are fundamentally related and "grow out of" one another within the meaning of Rule III, Section 3 of the Rules of the Nineteenth Judicial District Court.
We, therefore, conclude that it was proper for plaintiff's petition for damages to be docketed under the existing docket number assigned to the pending discovery proceeding pursuant to Rule III, Section 3 of the Rules of the Nineteenth Judicial District Court.

Improper Cumulation
Defendants further contend that the filing of plaintiffs petition for damages under the same docket number as the discovery proceeding constituted an improper cumulation of actions. They further assert that to the extent Rule III, Section 3 allows cumulation of these actions, it conflicts with the Louisiana Code of Civil Procedure.
Louisiana Code of Civil Procedure article 461 defines cumulation of actions as follows:
Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. (Emphasis added).
Separate actions may be cumulated in a single suit provided there is: (1) a community of interest, (2) each of the actions is within the jurisdiction of the court and at the proper venue, and (3) all actions are mutually consistent and employ the same form of procedure. LSA-C.C.P. art. 463; Richey v. Fetty, 96-2762, p. 8 (La.App. 1st Cir. 4/8/98); 715 So.2d 1, 5. Defendants contend that these three requisites for cumulation have not been met, and these proceedings, consequently, may not be cumulated. However, we pretermit consideration of the requisites of cumulation, because we conclude that the principles of cumulation have no application herein.
A "civil action" is defined as "a demand for the enforcement of a legal right." LSA-C.C.P. art. 421. A "cause of action," on the other hand, is defined as "the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). Thus, a plaintiff's right to judicially assert the "action" against a defendant depends upon the existence of a "cause of action." When there is a cumulation of actions, each party's demand for enforcement of a legal right against each defendant is regarded as a separate action. Richey, 96-2762 at p. 8; 715 So.2d at 5.
Applying these principles, we conclude that a discovery proceeding as authorized by LSA-R.S. 40:1299.47(D)(4) is *32 not an "action" pursuant to LSA-C.C.P. arts. 421 and 461. Rather, the discovery proceeding, as stated above, is a procedural mechanism designed to facilitate prosecution of the ultimate medical malpractice suit. The proceeding has no independent basis except as a preliminary or related component of the anticipated medical malpractice suit. It does not set forth a cause of action upon which relief may be granted against a named defendant.
The discovery proceeding authorized by LSA-R.S. 40:1299.47(D)(4) may be analogized to the discovery proceeding authorized by LSA-C.C.P. art. 1429, et seq. Pursuant to LSA-C.C.P. art. 1429, a person may file a verified petition to perpetuate testimony in a court in which an "anticipated action" might be brought. (Emphasis added). The discovery proceeding itself is not the action in which the plaintiff is seeking to enforce a right against the defendant. Instead, it is a proceeding conducted in furtherance of the yet unfiled anticipated action.
Therefore, we conclude that a discovery proceeding filed in accordance with LSA-R.S. 40:1299(D)(4) is not an "action" as defined by LSA-C.C.P. art. 421. As such, the Code of Civil Procedure rules governing cumulation of actions, LSA-C.C.P. arts. 461 et seq., do not govern whether the subsequently filed malpractice action may be filed under the docket number of the pending discovery proceeding. Consequently, we find no conflict between Rule III, Section 3 of the Rules of the Nineteenth Judicial District Court, which allows filing under the same docket number, and LSA-C.C.P. arts. 461 et seq.

Random Allotment of Cases
Defendants' final challenge raises the issue of random allotment. Pursuant to LSA-C.C.P. art. 253.1, all pleadings filed shall be randomly assigned to a particular section or division of the court. As noted by the Louisiana Supreme Court, this article expresses the legislative mandate to end the practice of non-random assignment. State v. Sprint Communications Company, L.P., 96-3094, p. 3 (La.9/9/97); 699 So.2d 1058, 1062. Additionally, random assignment procedures promote fairness and impartiality and reduce the dangers of favoritism and bias. Sprint Communications Company, L.P., 96-3094 at p. 5; 699 So.2d at 1063.
Defendants argue that plaintiffs herein were allowed to circumvent the requirement of random allotment "by opting to file the petition for damages in the discovery suit" which had been previously assigned to a division. However, defendants' argument ignores the fact that the related discovery proceeding was in fact randomly allotted when initially filed. Thus, random allotment of the discovery proceeding satisfied the requirements of LSA-C.C.P. art. 253.1 and the concerns discussed in Sprint. Moreover, contrary to defendants' argument, we believe that allowing dismissal of the discovery proceeding and reallotment of the malpractice petition would encourage forum shopping if filed. Such an interpretation of the rules of random allotment could lead to a race to the courthouse by a party dissatisfied with the original random allotment to dismiss the discovery proceeding before the filing of the malpractice petition.
Thus, we conclude that the filing of a petition for damages for medical malpractice in a pending discovery proceeding pursuant to Rule III, Section 3 of the Rules of the Nineteenth Judicial District Court does not contravene the principles of random allotment.

CONCLUSION
For the above and foregoing reasons, we find no error in the trial court's denial of defendants' exceptions of nonconformity and improper cumulation of actions. Therefore, the writ application is denied and costs are assessed against relators, Lane Memorial Hospital and Michael Clark.
APPLICATION FOR SUPERVISORY WRITS DENIED.
SHORTESS, J., dissents with reasons.
*33 SHORTESS, J., dissenting.
In my opinion, the majority misinterprets Rule III, Section 3 when it finds the discovery proceeding and the ultimate medical malpractice suit "grow out of one another." The rule requires the second action to grow out of the first. The examples given in the rule are suits to annul judgments and actions to restrain or regulate the execution of process. Both of those actions need the fertile soil of a previously pending action to grow. In other words, the second action could not exist without the previous action. Furthermore, both actions to annul and actions to restrain execution seek to affect the prior proceeding.
In contrast, a suit for monetary damages arising from alleged medical malpractice springs to life full grown. It can exist whether a previous lawsuit of some sort was filed or not,[1] and it does not seek to affect anything that came before it. A medical malpractice suit certainly does not need what the Fourth Circuit Court of Appeal described as "an administrative proceeding to accommodate counsel, litigants and witnesses"[2] to give it life.
For this reason, I disagree with the majority that plaintiffs' petition was properly docketed under the docket number assigned to the discovery action. I would grant Lane Memorial and Clark's exceptions and remand this matter to the district court with instructions to randomly reallot the medical malpractice suit and give it a separate suit number.
I respectfully dissent.
NOTES
[1] Although Louisiana Revised Statute 40:1299.47 requires that a claim against a qualified healthcare provider be submitted to a medical review panel before a lawsuit is filed, the parties may waive the use of a medical review panel. La.R.S. 40:1299.47(B)(1)(c).
[2] In re Medical Review Panel for Brunet, 578 So.2d 1011, 1013 (La.App. 4th Cir.1991).