804 So.2d 844 (2001)
Christine McGrail, Wife of/and Paul FERGUSON
v.
Dr. Max SUGAR and CPC of Louisiana, Inc.
No. 2000-CA-2528.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
*845 Harry D. Hoskins, III, Hoskins & Hoskins, LC, New Orleans, LA, Counsel for Plaintiff/Appellant.
Elaine W. Selle, Adam B. Zuckerman, Locke Liddell & Sapp, LLP, New Orleans, LA, Counsel for Plaintiff/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, Sr.
BYRNES, Chief Judge.
The plaintiffs, Christine McGrail and Paul Ferguson, seek review of a judgment transferring and consolidating a petition for discovery filed by the defendant, Dr. Max Sugar, to the section of court in which the plaintiff's original medical malpractice action is still pending.
The plaintiffs filed suit in state court against Dr. Max Sugar, CPC of Louisiana, d/b/a/ Coliseum Medical Center (CPC), and Community Psychiatric Centers, Inc. (The Center). Dr. Sugar removed the case to federal court and filed a motion to dismiss based on prescription. The case was remanded back to the state court. CPC and The Center filed exceptions of prescription. The trial court granted a prescription exception filed by CPC and dismissed the plaintiffs' claims against it with prejudice. That judgment has been appealed to this court. CPC and The Center subsequently filed for bankruptcy and further proceedings against both have been stayed.
The plaintiffs alleged that Dr. Sugar caused the plaintiff, Christine McGrail, to be falsely imprisoned at Coliseum House by inducing her parents to believe she suffered from a mental disorder that required prolonged hospitalization. The plaintiffs, referring to the action against Dr. Sugar as a fraud action, failed to present their claim to a medical review panel prior to filing suit. Dr. Sugar filed an exception of prematurity, averring that the claim was covered by the Medical Malpractice Act, and the suit against him could not be maintained until the claim had been submitted to a Medical Review Panel. The trial court sustained the exception of prematurity and dismissed without prejudice the plaintiffs' claims against Dr. Sugar. On appeal, this court concluded that the claim was covered by the Medical Malpractice Act and affirmed the judgment dismissing the action against Dr. Sugar.[1] *846 The Supreme Court denied the plaintiffs' application for supervisory writ.[2] The plaintiffs then filed a claim against Dr. Sugar with the Louisiana Patients' Compensation Fund (PCF) and requested review by a Medical Review Panel.
In July of 2000 Dr. Sugar filed a petition for discovery purposes as allowed by La. R.S. 40:1299.47. That suit was allotted to Section F of Civil District Court. In September of 2000, Dr. Sugar filed a motion to transfer the discovery suit to Section E for purposes of consolidating that suit with the originally filed medical malpractice suit, which was still pending in Section E. The trial judge for Section E granted the motion to transfer and consolidate. The plaintiffs sought a review of the trial court's ruling by simultaneously filing a writ application and the instant appeal. On March 2, 2001, this court declined to exercise its supervisory jurisdiction to review the case via its supervisory jurisdiction.
The plaintiffs argue that the transfer and consolidation of the defendant's discovery action into the previously filed action violates the provisions of La. C.C.P. art. 253.2 which provides, in relevant part as follows:
Art. 253.2. Transfer and reassignment of pending cases
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561....
La. C.C.P. art. 1561A states:
Art. 1561. Consolidation for trial
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate. [Emphasis added.]
The plaintiffs argue that the operative words in both sections are "actions" and "actions for trial". Citing Lane Memorial Hospital v. Watson, 98-0273 (La.App. 1 Cir. 3/3/99), 734 So.2d 28, writ granted, decision vacated, Watson v Lane Memorial Hospital, 99-0930 and 99-0947, (La.5/28/99), 743 So.2d 676, the plaintiffs argue that the discovery proceeding is not an action within the meaning of La. C.C.P. art. 1561A. Thus the discovery proceeding could not be transferred for purposes of consolidation under La. C.C.P. art. 1561A.
The First Circuit opinion in Lane Memorial Hospital v. Watson, supra, cited by the plaintiffs has no precedential value because it was subsequently reversed by the Supreme court in Watson v. Lane Memorial Hospital. More importantly, the case was decided based upon an interpretation of Rule III, Section 3 of the Nineteenth Judicial District Court. The facts of that case differ from the facts in this case. In Lane Memorial Hospital v. Watson, the plaintiff had a medical malpractice action pending before the Patient's Compensation Board when the defendant hospital filed a petition to have a number assigned pursuant to La. R.S. 40:1299.47 for purposes of facilitating discovery before the medical review board. After the medical review panel concluded its review, the defendant's motion to dismiss the petition filed for discovery purposes was granted. However, prior to the dismissal of the discovery proceeding, the original plaintiff's heirs *847 filed a petition for damages under the same suit number as the discovery proceeding. The defendant filed an exception of improper cumulation. The trial court denied the exception, and the appellate court denied the defendants application for supervisory writs. The Supreme Court granted writs and remanded to the appellate court for an opinion.
One argument made by the defendant in Lane Memorial Hospital v. Watson was that this improper cumulation pursuant to La. C.C.P. art. 463 circumvented the random allotment provisions and allowed forum shopping. The First Circuit concluded that, pursuant to Rule III, Section 3 of the Rules of the Nineteenth Judicial District Court, it was proper for the petition to be docketed under the existing docket number assigned to the pending discovery proceeding. Finding that the discovery proceeding was not an action within the meaning of La. C.C.P. arts 421 and 461, the court concluded that the articles governing cumulation did not apply.
The dissenting judge concluded that the majority had misinterpreted Local Rule III, Section 3 when it found the discovery proceeding and the ultimate malpractice suit grew out of one another:
The rule requires the second action to grow out of the first. The examples given in the rule are suits to annul judgments and actions to restrain or regulate the execution of process. Both of those actions need the fertile soil of a previously pending action to grow. In other words, the second action could not exist without the previous action. Furthermore, both actions to annul and actions to restrain execution seek to affect the prior proceeding.
In contrast, a suit for monetary damages arising from alleged medical malpractice springs to life full grown. It can exist whether a previous lawsuit of some sort was filed or not [footnote omitted], and it does not seek to affect anything that came before it.
The dissenter concluded that the court erred by allowing the filing of the malpractice action under the same number as the prior discovery proceeding.
The Supreme Court granted writs in the case and vacated the judgment of the district court for the reasons assigned by the dissenting judge. The court further ordered the clerk of the district court to give the plaintiff's "petition for damages" a new docket number and to randomly re-allot the case as a new suit.
The instant case differs from Lane Memorial Hospital v. Watson in several respects. First, this is not a cumulation case. Rather the defendant filed a separate petition, to which a different number was assigned and then sought an order transferring and consolidating the petition with the case originally filed by the plaintiffs because the issues to be addressed were similar. Secondly, Lane Memorial Hospital v. Watson was decided primarily based upon an interpretation of Rule III, Section 3 of the Nineteenth Judicial District Court. The transfer and consolidation ordered in the instant case appears to be expressly authorized by the Rule 6 of the Rules of the Civil District Court for the Parish of Orleans. Local Rule 6, which specifies the procedure for the allotment of cases in Orleans Parish, provides in relevant part:
Section 4. To achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of the court that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending. It shall be the duty of any attorney in such cases to call to the court's attention the existence of such earlier case. The following are examples *848 of cases that ought to be transferred to the original division:
1. Subsequent cases between the same or related parties arising from the same incident or transaction including subsequently filed claims for contribution, indemnity, attorney fees, or penalties....
4. Cases growing out of earlier cases, ...
5. Suits dismissed as premature when refiled.
The transfer and consolidation of the discovery petition with the initial medical malpractice action is proper because common issues of fact and law predominate, namely the defendants in both proceedings seek a determination of whether the claims of the plaintiffs have prescribed. La. R.S. 40:1299.47(B)(2) specifically allows a defendant to seek a ruling from the court on an exception of prescription to a medical review panel claim. The court expressly acknowledged that one reason for the discovery proceeding was to gather information to support an exception of prescription. Indeed, in the judgment of October 4, 2000, the court specifically authorized Dr. Sugar to file an exception of prescription in the case already pending in section E. The issues raised in Dr. Sugar's exception are allegedly identical or very similar to the issues raised by the other two defendants in the original medical malpractice action that is still pending in the original suit. Accordingly, the transfer and consolidation of the proceeding matter is expressly provided for by Rule 6, § 4 of the Rules of the Civil District Court for the Parish of Orleans.
One additional development in the case supports the judgment transferring the discovery proceeding to Section E. While pursuing the claim against Dr. Sugar before the Medical Review Panel the plaintiffs discovered that Dr. Sugar was not covered for the entire period covered by the claim. Accordingly, in September of 2000, the plaintiffs filed a motion for leave to supplement and amend the original medical malpractice petition to add allegations that Dr. Sugar was not a qualified health care provider for the entire time period covered by the plaintiffs' claim. Thus, the non-covered actions will also be litigated in the original suit. To require the defendant to litigate issues arising out of the same incidents or transactions wherein the issues are identical or very similar would constitute a monumental waste of judicial resources.
A trial court has wide latitude with regard to the consolidation of suits pending in the same court. S.K. Whitty & Co. v. Laurence L. Lambert & Associates, 93-0486 (La.App 4 Cir. 12/30/93), 632 So.2d 364. The appellants fail to show that the trial court abused its discretion by granting the motion to transfer and consolidate the discovery proceedings with the pending medical malpractice action. Rather, the record supports a finding that the trial court did not err in granting the motion to transfer and consolidate.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] McGrail v. Dr. Max Sugar and CPC of Louisiana, Inc., 99-1138, unpub. (La.App. 4 Cir. 12/15/99).
[2] Ferguson v. Sugar, XXXX-XXXX (La.4/20/00), 760 So.2d 347.