YELVERTON, J.
This is a dispute over the denial of a demand to reopen a succession. Appellants Desiree Delegal Browning and Amy Delegal claim that the trial court erred in failing to reopen the succession of their father, Joseph Delegal, and in refusing to require their stepmother, Donna Avery Delegal, to post security as usufructuary. For the following reasons, we affirm the decision of the trial court.
Joseph Delegal, Jr., died testate on December 1, 1999. By his first wife, Peggy Jordan, who predeceased him, he was survived by three children. He was also survived by his second wife, Donna, with whom he had no children. The Appellants are two of his children. The other child, Joseph Delegal, III, is not a party to the action to reopen the succession. His three children were not forced heirs.
In his will Mr. Delegal, by a particular legacy, left his son his Rolex watch. He granted his wife Donna a lifetime usufruct over all the assets of the estate other than the watch, specifically waiving any requirements of bond or separate inventory. The will also granted Donna the right to sell, encumber, and dispose of all the assets subject to the usufruct and named her executrix of the estate. He left the naked ownership of the remainder of his estate to his other two surviving children, the Appellants.
Donna filed a petition to open the succession and probate the deceased’s will. She filed the appropriate affidavits including a detailed sworn descriptive list. The petition represented that all legatees and the named usufructuary joined as petitioners. The trial court signed a judgment of possession, placing the legatees into pos *1204 session of Mr. Delegal’s estate without an administration and recognizing Donna as usufructuary.
| ¡¿Eleven months later, the Appellants sought to reopen the succession; disqualify Donna as executrix; disqualify her attorney from serving the succession; appoint a dative succession representative; traverse the detañed descriptive list; require an inventory by notary; and require Donna, as usufructuary, to provide security to Appellants.
The court issued a rule to show cause and conducted a hearing on the motion to reopen the succession. Almost no evidence was introduced by the petitioners. After hearing their evidence and arguments, the trial court denied all their requests, noting that a reopening of the succession would not change in any way the distribution of the succession assets. From this ruling the two chüdren, Desiree and Amy, appeal.
The standard of our review is whether the trial court abused its discretion. Whether a succession will be reopened or not is within the sound discretion of the trial court. Succession of Villarrubia, 95-2610 (La.9/5/96), 680 So.2d 1147. The law governing the reopening of successions is Louisiana Code Civil Procedure, Article 3398(B), which provides:
After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession may be opened or reopened, as the ease may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court....
The basic purpose of Article 3393 is to provide a means for dealing with overlooked succession assets. Villarrubia, 680 So.2d 1147 (citing Succession of Yancovich, 289 So.2d 855 (La.App. 4 Cir.1974) and Katherine Shaw Spaht, Developments in the Law 1985-1986 Part I: A Faculty Symposium, 47 La.L.Rev. 471, 484 n. 47). Whüe there was apparently some immovable property in Alabama belonging to the deceased, which was properly left out of the Louisiana succession, no estate property other than that found in the descriptive list has been alleged to have been discovered. Therefore, we must conclude that there were no overlooked succession assets.
The other discretionary reason Article 3393(B) recognizes for reopening a succession is “for any other proper cause.”
The supreme court explained the limited application of this phrase in Villarrubia, 680 So.2d at 1150 (citations omitted):
Courts have found “other proper cause” under LSA C.C.P. art. 3393 to exist under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. In Estate of Sylvesterf 93-731 (La.App.3d Cir.2/2/94), 631 So.2d 614/, where the trial court amended a judgment of possession because it evidenced an unequal distribution of estate assets that was not in accordance with the intent of the parties, the court of appeal applied the jurisprudence interpreting LSA C.C.P. art. 3393 and noted that judgments of possession are rarely amended for grounds other than the discovery of additional property or new wills. As stated in Sylvester, successions are not reopened to allow for collation, for the assertion of forced heirship rights, or for error of law.
*1205 In trying to overcome this heavy burden, the Appellants assert six assignments of error. As the first is a general assertion that the trial court erred in failing to grant all the relief the Appellants sought, it will be dealt with last.
In their second assignment of error, which we will address first, the Appellants claim that the trial court erred in denying their request to reopen the succession for the purposes of taking an inventory, stating that Mr. Delegal did not include in his will any clause dispensing with any such inventory. The will shows that this assertion is wrong. The will states (emphasis ours): “I hereby give and bequeath unto my wife, DONNA AVERY DELEGAL, a usufruct for the remainder of her life over [4the entirety of the remaining assets comprising my estate, including both movable and immovable property, separate and community, without the necessity of furnishing bond or separate inventory.”
Additionally, Louisiana Code of Civil Procedure Article 3136 permits a detailed descriptive list, in lieu of an inventory, to be filed with the Department of Revenue. A sworn descriptive list meeting the formal requirements was filed with the succession. Unless successfully traversed, the descriptive list is prima facie proof of all matters shown therein. La.Code Civ.P. art. 3137. This assignment of error is without merit.
In their next assignment of error, the Appellants claim that the trial court erred in concluding that Donna’s “improper conduct and conflicts of interests” would not justify reopening the succession. As for the claims of improper conduct, the Appellants claim that Donna intentionally misrepresented to the attorney for the succession that all of them wanted to join in the petition for possession; while in fact they had no idea of what was going on until they were provided with the final judgment of possession. The record contains very little evidence as to how this came about, and none of it shows any intentional misrepresentation by Donna. Moreover, the fact that the Appellants did not give their consent to representation in the petition for possession does not fall within the narrow parameters set by the supreme court in Villarrubia for the reopening of the succession. The trial court so found. This finding was not an abuse of his discretion.
As for their claims that there was a conflict of interest that justified a reopening of the succession, this too is without validity. The Appellants claim that Donna had a conflict because of the financial responsibility she owed them as a usufructu-ary and | ¡¡because she would not want to provide security. Again, the record contains no evidence concerning any conflict of interest, let alone sufficient evidence to make the finding of the trial court arbitrary or capricious. We note in passing that if this argument could succeed, no testamentary usufructuary could ever be allowed to be a succession representative, as there would be an inherent conflict of interest in regards to the naked owners. This assignment of error is also without merit.
The fourth and fifth assignments of error will be addressed together, as they both assert that the trial court erred in refusing to grant security to the Appellants. As noted above, “other proper cause” to open a succession is found in very limited circumstances. The trial court found the granting of security to the Appellants not to be within these limited circumstances, and we agree with that decision. In the trial court’s reasons for judgment, in addition to observing that reopening the succession would not change *1206 the distribution of the assets, the court added that “[r]eopening the succession would only serve to cause additional expense to all the litigants and the estate, and it would frustrate the clear wishes of the testator. The evidence in this case showed that there would be nothing to be gained by all involved.”
Returning to the blanket assertion of Appellants’ first assignment, that the trial court erred in failing to grant all the relief they sought, we find that they have not shown an entitlement to any relief. The distribution of the estate property would not be changed at all if this succession were reopened. Based on the evidence before it, the trial court ruled that the succession, therefore, should not be reopened. Its decision was not arbitrary or capricious. It was well within its discretion. For these reasons and those discussed above, this final assignment of error is also without merit.
|fiThe decision of the trial court is affirmed. Costs of this appeal are to be borne by the Appellants.
AFFIRMED.