NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1467

SUCCESSION OF STANLEY SAM HEBERT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT, DIVISION E
PARISH OF LAFAYETTE, NO. P-930258
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

Charles Benjamin Landry
Attorney at Law
1309 Lafayette Street
Lafayette, Louisiana 70501
(337) 232-9806
COUNSEL FOR APPELLANT:
   Alfredia Breaux Demette

**Charles K. Hutchens**
**Attorney at Law**
**1704 West University Avenue**
**Lafayette, Louisiana  70506**
**(337) 237-4102**
**COUNSEL FOR APPELLEE:**
      **Rachel Mouton**

**CONERY, Judge.**

Plaintiff, Alfredia Breaux Demette (Mrs. Demette), the surviving spouse of her late husband, Stanley Sam Hebert (Mr. Hebert), filed a motion seeking to reopen his succession. A Judgment of Possession had been rendered in the succession on June 2, 1993. The pleading seeking relief was titled, "Motion to Amend Judgment of Possession In Accordance With La. Code Of Civil Procedure Articles 1951 And 3393 With Rule" (Motion). Mrs. Demette asked that her late husband's intestate succession be reopened in order to amend the detailed descriptive list to include additional "debts" of the estate. The trial court denied the Motion for oral reasons assigned, and signed a final judgment on August 13, 2012, from which Mrs. Demette now appeals. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Mr. Hebert died intestate in Lafayette Parish on December 14, 1991. He was married once to Alfredia May Breaux, now Mrs. Demette. Three children were born of the marriage, Rachael Ann Hebert, Stanley Sam Hebert, Jr., and Christina Ann Hebert (the heirs). At the time of Mr. Hebert's death, Stanley, Jr. and Christina were minors. Stanley reached the age of majority on July 19, 1992, while Christina reached the age of majority on October 16, 1998.

On June 2, 1993, a petition for possession in the Succession of Stanley Sam Hebert was filed in Lafayette Parish under probate docket number 93-0258. The documents filed in conjunction with the Petition for Possession included an "AFFIDAVIT ESTABLISHING JURISDICTION AND RELATIONSHIP," and a "DETAILED DESCRIPTIVE LIST OF PROPERTY[,] AND VERIFICATION OF PETITION FOR POSSESSION" signed by Alfredia B. Hebert. A "JUDGMENT

OF POSSESSION" was signed on June 2, 1993, by the Honorable Durwood Conque, along with the requisite "Louisiana Inheritance and Estate Transfer Tax Return." A listing of debts was included, reflecting Mrs. Demette's one-half liability of $6,872.52 for a loan from the Section 705 Credit Union for the purchase of a truck, and $14,828.21 for a "Separate debt (one-half ½) of community funds used for improvements on separate property of deceased."

Mrs. Demette, on her own behalf and on behalf of the heirs, accepted the succession purely, simply, and unconditionally. The Petition for Possession stated in paragraph eight, "There is no necessity for an administration of the succession of the deceased. It is relatively free from debt and petitioners accept the succession unconditionally."

The Judgment of Possession recognized Ms. Demette as the surviving spouse in community with her deceased husband and owner of an undivided one-half interest in the property belonging to the community. Pursuant to La.Civ.Code. art. 890, she was also granted a usufruct for life or until remarriage over the community property belonging to her deceased husband, Mr. Hebert. Mrs. Demette married Mr. Henry Demette on June 14, 1993, just twelve days after the Judgment of Possession was signed, thus dissolving her usufruct over Mr. Hebert's portion of the community property.

The children of the marriage, the heirs, were recognized as sole heirs and owners in equal shares of Mr. Hebert's separate property upon which the marital domicile was located. In addition, they were recognized as the sole heirs and owners in equal shares of one-half of all of the property belonging to the community, subject to their mother's usufruct, which dissolved upon Mrs. Demette's remarriage. Mrs. Demette and her current husband, Henry, have

2

continued to reside rent free in the marital domicile to date. The heirs have never claimed reimbursement from Mrs. Demette.

On January 17, 2012, prior to filing the instant case, Mrs. Demette and her husband, Henry, filed a suit for monetary judgment (Civil Suit) against her children, the heirs, entitled, *"Alfredia Breaux Demette and Henry Demette v. Estate of Stanley Sam Hebert, Rachel Ann Hebert Mouton, Stanley Sam Hebert, Jr. and Christina Ann Hebert Ross,"* under docket number 2012-0208, which suit was assigned to Judge Marilyn Castle.

An exception of prescription to some of the claims asserted by the Demettes was filed by all defendants in the Civil Suit. After a hearing held on April 2, 2012, the trial court partially sustained the exception and found that any sums claimed prior to January 17, 2012 were prescribed. The trial court also denied the Demettes' motion to consolidate the Civil Suit with the succession proceeding. No writs were taken from that ruling, and the case remains pending before Judge Castle.

In the interim, on March 7, 2012, some nineteen years after the succession was accepted and closed, Mrs. Demette filed the Motion that is the subject of this appeal in the original succession of Mr. Hebert, docket number 93-0258. In her Motion, she sought to include additional debts, which were not part of the original succession, and *higher* figures for the estate and administrative debts that were included in the succession at the time of signing of the Judgment of Possession on June 2, 1993.

A hearing on the Motion was held in the Succession Proceeding before the Honorable Judge Herman Clause on July 23, 2012. The trial court denied the Motion for oral reasons assigned, finding that neither La.Code Civ.P. art. 3393 or

3

La.Code Civ.P. art. 1951 provided a basis to reopen the succession. Ms. Demette filed a request for written reasons on July 26, 2012. The record does not contain separate written reasons for judgment, but does contain a transcript of the hearing, with oral reasons and a final judgment signed on August 13, 2012, designating its ruling denying Mrs. Demette's Motion as a final judgment, from which she now appeals.[1]

## ASSIGNMENTS OF ERROR

1.  The trial Court abused its discretion in failing to reopen the succession under administration.

2.  The trial Court abused its discretion in failing to reopen the succession to amend the judgment of possession to correct errors in calculation and/or to amend the detailed descriptive list.

3.  The trial Court abused its discretion in not permitting the consolidation of the current matters.

4.  The trial Court abused its discretion in not providing written reasons in accordance with La. Code of Civil Procedure Article 1917.

## LAW AND ANALYSIS

The Louisiana Supreme Court, in *Succession of Villarrubia*, 95-2610, p. 6 (La. 9/5/96), 680 So.2d 1147, 1150, stated the standard of review applicable in a request by a party to reopen a succession, "At the outset, it must be noted that whether or not a succession will be reopened is within the sound discretion of the trial court." (citing *Danos v. Waterford Oil Co.*, 225 So.2d 708, *writ denied*, 227

---

[1] It appears the pleadings may have been expanded during the July 23, 2012 hearing. The record before this court on appeal does not contain a formal motion to consolidate. It contains only a discussion between counsel and the trial court during the July 23, 2012 hearing. At that hearing, the trial court's ruling denied the Motion to consolidate for oral reason's assigned, and Mrs. Demette has assigned as error the trial court's ruling on the issue. Since the parties have briefed the issue on appeal, we will consider the issue as well.

So.2d 595 (1969)). Therefore, we will review the trial court's rulings under the manifest error standard.

In order to clarify the procedural posture of this appeal we will first address assignment of error four, the alleged failure of the trial court to render written reasons pursuant to La.Code Civ.P. art. 1917.

### *Assignment of Error Four-Failure to Assign Written Reasons*

Louisiana Code of Civil Procedure Article 1917(A) (emphasis added) requires that written reasons for judgment shall be provided and states in pertinent part:

> In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party *shall* give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.

If a trial court fails to act on a timely request for written reasons for judgment pursuant to La.Code Civ.P. art. 1917, the proper remedy for the aggrieved party is to apply for supervisory writs or file a motion for remand with the appellate court in order to allow the trial court to comply with the request. *Rosella v. DeDe's Wholesale Florist*, 607 So.2d 1055 (La.App. 3 Cir. 1992); *Brocato v. Brocato,* 369 So.2d 1083 (La.App. 1 Cir.), *writ denied*, 371 So.2d 1341 (La.1979).

In this case, Mrs. Demette did timely request written reasons but did not apply for supervisory writs on the issue or seek a remand. Instead, she includes the issue as an assignment of error on appeal. The failure of the trial court to issue written reasons, as required by La.Code Civ.P. art. 1917, is not fatal to Ms. Demette's appeal. We find, as did the court in *DeDe's*, that the record is sufficient such that we can fully consider the issues on appeal without the trial court's written

reasons and, to do so, would not be prejudicial to Mrs. Demette.

*Assignment of Error Three-Consolidation*

The record further shows that the trial court denied Mrs. Demette's "Motion to Consolidate" the succession proceeding with the Civil Suit for monetary damages presently pending in docket number 2012-0208. Mrs. Demette concedes in her brief before this court that a motion to consolidate was not filed in the succession proceeding, only in the Civil Suit. However, Mrs. Demette argues that based on La.Code Civ.P. art. 1561, consolidation is proper, and it was an abuse of the trial court's discretion to deny consolidation. We disagree.

Louisiana Code of Civil Procedure Article 1561(A) provides, in pertinent part:

> When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate, and, in the event a trial date has been set in a subsequently filed action, upon a finding that consolidation is in the interest of justice. The contradictory hearing may be waived upon the certification by the mover that all parties in all cases to be consolidated consent to the consolidation.

In its discussion on the record at the hearing, the trial court indicated that it agreed with Judge Castle's assessment that consolidation was "inappropriate" and stated:

> THE COURT: I agree with that. Consolidation is inappropriate. I'm denying the consolidation. And as a result of the denial of the consolidation, relative to any claims, she has begun considering them and some she has knocked out, for whatever reason, and, apparently, is leaving some claims, but those have been placed before Judge Castle. And now they're before Judge Castle, and they're going to stay before Judge Castle and not be part of this claim. I'll say this, I don't think it should have been, but it –
>
> MR. LANDRY: But the claims that --

6

> THE COURT: -- your client -- you chose to bring it before Judge Castle as a separate matter rather than in the Succession proceeding. And to do otherwise, would allow forum shopping, which is frowned upon.

This court has stated, "A trial court has wide latitude with regard to the consolidation of suits pending in the same court." *Bonnette v. Tunica-Biloxi Indians*, 02-019, p. 13 (La.App. 3 Cir. 5/28/03), 873 So.2d 1, 10 (quoting *Ferguson v. Sugar*, 00-2528, p. 7 (La.App. 4 Cir. 12/19/01), 804 So.2d 844, 848). Considering that the trial court's power to consolidate is discretionary under La.Code Civ.P. art. 1561, its decision is reviewed under an abuse of discretion standard. *Id*. We find that the trial court did not abuse its vast discretion in denying Mrs. Demette's motion to consolidate. Assignment of error number three is without merit.

### *Assignments of Errors One and Two*

After determining the procedural posture of this case, this court is now free to address the substantive issues appealed by Mrs. Demette, i.e. the denial of the trial court to reopen the succession of her late husband in order to either place the succession under administration or to reopen the succession to "amend the judgment of possession to correct errors in calculation and/or to amend the detailed descriptive list."

Mrs. Demette first argues that the application of La.Code Civ.P. art. 3393 provides a basis that allows her to reopen the succession. Louisiana Code Civil Procedure Article 3393(B) provides in applicable part:

> After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the

7

succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court.

In *Succession of Villarrubia*, our supreme court stated, "The basic purpose of LSA-C.C.P. art. 3393 is to provide a means for dealing with overlooked assets." *Succession of Villarrubia*, 680 So.2d at 1150. In the instant case, there is no claim that any assets were omitted from the original judgment of possession. In *Villarrubia*, the court further provided, as in this case, that if "no other estate property has been discovered, the question before us is whether 'other proper cause' exists to allow reopening of the succession." *Id.*

The application of "other proper cause[,]" pursuant to La.Code Civ.P. art. 3393, has been applied by the courts "under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession." *Id* (citing *Succession of McLendon*, 383 So.2d 55 (La.App. 2 Cir. 1980)).

This circuit, in *Succession of Delegal*, 01-1581 (La.App 3 Cir. 4/3/02), 813 So.2d 1202, reiterated the strict application of La.Code Civ.P. art. 3393, as explained in both *Estate of Sylvester*, 93-731 (La.App. 3 Cir. 2/2/94), 631 So.2d 614, and *Villarrubia*, 680 So.2d at 1147, stating "successions are not reopened to allow for collation, for the assertion of forced heirship rights, or for error of law." *Delegal*, 813 So.2d at 1204 (quoting *Villarrubia*, 680 So.2d at 1147, 1204).

In this case, in the trial court's discussion with Mrs. Demette's counsel, the trial court clearly indicated that Mrs. Demette still remains in the marital domicile and is seeking debts related to her occupancy. When counsel for Mrs. Demette indicated this situation meant that the "estate has not been wound up in the sense that she has not been reimbursed," the trial court responded:

8

THE COURT: Well, the Succession was closed by the Judgment of Possession. And hasn't your client, in fact, accepted the Succession?

MR. LANDRY: My client is -- whatever was filed speaks for itself.

THE COURT: By the actions, I understand that she continued to reside in the -- what was the family home, which was community property subject to the usufruct.

MR. LANDRY: Right.

THE COURT: And, actually, the usufruct was recognized in that Succession, and she has exercised rights pursuant to that Succession, and then now, she's wanting to challenge that Succession.

MR. LANDRY: Well, the usufruct discontinued when she remarried, which was --

THE COURT: Yes, but she enjoyed the benefits for a period of time. And, generally, when you accept the benefits of the Succession, you accept the Succession.

Mrs. Demette's counsel argued that not to reopen the succession to correct errors in calculations by appointing an administrator to properly calculate debts owed to Mrs. Demette would be unfair to her. However, La.Code Civ.P. art. 3393(C) (emphasis added) provides:

> The reopening of a succession shall in no way adversely affect or cause loss to any bank, savings and loan association or other *person*, firm or corporation, who has in good faith acted in accordance with any order or judgment of a court of competent jurisdiction in any previous succession proceedings.

As argued by counsel for the heirs, the reopening of the succession would have an adverse effect on their rights under the succession, considering their position as owners of the land and owners of one-half of the marital domicile, a home enjoyed by Mr. and Mrs. Demette rent free for the past nineteen years.

In denying the reopening of the succession, the trial court found, "Basically, let me say this, the Court finds that pursuant to Article 3393, that there's no other

9

property discovered and as a failure to show proper cause why the Succession should be reopened, and, therefore, I'll deny the reopening of the Succession." [sic]

Again, we find that the trial court did not abuse its vast discretion. We affirm the trial court's ruling that Mrs. Demette failed to carry her heavy burden to prove that La.Code Civ.P. art. 3339 and the jurisprudence interpreting its provisions, provide a basis to reopen the succession of her late husband, Mr. Hebert. This court further finds, as did the trial court, that Ms. Demette's remedy for the collection of any debts involving the marital domicile are still pending before Judge Castle in the Civil Suit, and thus, she is not without recourse under the law.

Mrs. Demette also argued in her Motion that La.Code Civ.P. art. 1951 also provided a vehicle for the reopening of the succession in order to correct "an apparent error in calculating the correct estate debts." Louisiana Code Civil Procedure Article 1951[2] provides:

> A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
>
> (1) To alter the phraseology of the judgment, but not the substance; or
>
> (2) To correct errors of calculation.

However, under the jurisprudence interpreting La.Code Civ.P. art. 1951, we find, as did the trial court, that the changes requested by Mrs. Demette in the succession documents which form the basis for the Judgment of Possession are substantive in nature. To allow such corrections would adversely affect the rights of the heirs to the succession and not merely "correct errors of calculation." *Saacks*

---

[2] Louisiana Code of Civil Procedure Article 1951 was amended, effective August 1, 2013, subsequent to the judgment and amended judgment at issue.

*v. Mohawk Carpet Corp.*, 03-386, p.19 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 372, *writs denied*, 03-2632 (La. 12/12/03), 860 So.2d 1158. (citing *Teague v. Barnes*, 519 So.2d 817 (La.App. 5 Cir. 1988)). This assignment of error likewise has no merit.

## DISPOSITION

For the foregoing reasons, we affirm, in its entirety, the trial court's Final Judgment denying the "Motion to Amend Judgment of Possession In Accordance With La. Code Of Civil Procedure Articles 1951 And 3393 With Rule." Costs of this appeal are assessed to Alfredia Breaux Demette.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

11