STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

24-081

SUCCESSION OF MARIE THERESE COMEAUX

**********

ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-0705, DIVISION E
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

**JONATHAN W. PERRY
JUDGE**

**********

Court composed of Jonathan W. Perry, Ledricka J. Thierry, Guy E. Bradberry, Judges.

**AFFIRMED.**

**Richard Comeau Martel**
**In Proper Person**
**2402 Sunny Slope Drive #4**
**Sparks, Nevada 89434**
**(916) 622-4404**
**PRO SE APPELLANT**


**Allan L. Durand**
**235 Rue France**
**Lafayette, Louisiana 70508**
**(337) 237-8501**
**COUNSEL FOR EXECUTRIX/APPELLEE:**
    **Marguerite Comeaux Lormand-Levy**

**PERRY, Judge.**

Appellant, Richard Comeau Martel ("Martel"), seeks review of the trial court's denial of his demand to reopen a succession. We affirm.

## FACTS AND PROCEDURAL HISTORY

Marie Therese Comeaux ("Comeaux") died testate on October 10, 2006. Comeaux was never married and did not have children. Comeaux's Last Will and Testament, dated June 24, 2005, contained several particular legacies and divided the remainder of her estate in equal shares to her nieces and nephews, of which Martel, the appellant herein, was included.[1] In the testament, Comeaux also named Appellee, Marguerite Comeaux Lormand-Levy ("Lormand-Levy"),[2] and Donald Edmund Domingue ("Donald Domingue") to serve as independent coexecutors.

On October 23, 2006, Lormand-Levy and Donald Domingue filed a Petition for Probate of Statutory Testament and for Confirmation of Independent Executors for the administration of Comeaux's succession. On the same date, Lormand-Levy and Donald Domingue were confirmed as independent coexecutors.

Lormand-Levy and Donald Domingue filed a Petition for Possession, a detailed descriptive list, and a judgment of possession. The petition represented that no creditors of the succession demanded an administration and that all legatees accepted the succession. Included in the detailed descriptive list of all property belonging to Comeaux at the time of her death was "Wunderlic[h] (Investment Portfolio 8673-7002)" with a total value of $144,811.80. The Judgment of Possession, signed August 9, 2007, placed the legatees into possession of Comeaux's

---

[1] The petition to reopen succession at issue declared Martel is "a legatee of [Comeaux's] estate and the oldest son of my late father who was brother to [Comeaux] . . . ."

[2] When the will at issue was drafted, Lormand-Levy was identified as Marguerite Comeaux Lormand.

estate without administration and discharged Lormand-Levy and Donald Domingue from their duties as independent coexecutors of the succession.

On August 29, 2022, Martel, in proper person, filed a pleading entitled "Petition to Re-Open Succession of Marie Therese Comeaux based on Newly Discovered Theft of Major Estate Assets and Fraud by Executor Marguerite Lormand including 'Fraud Upon the Court', Void the 2007 Judgment, Remove Lormand as Executor, and to Consolidate the DiMauro Succession with this Succession."[3] Therein, Martel alleged that the August 2007 Petition for Possession falsely declared the legatees accepted the succession and waived the filing of a final accounting. Martel also alleged there was significantly more money in Comeaux's estate than was listed in the detailed descriptive list attached to the August 2007 Petition for Possession. Specifically referring to Comeaux's assets in an account with Wunderlich Securities, Martel alleged Lormand-Levy "swore . . . in the Petition's Detailed Descriptive List . . . that [Comeaux] held assets . . . on the day of her death totaling $144,811.80. The actual amount . . . was $619,565.54." Martel accuses Lormand-Levy, with cooperation from Donald Domingue and her sister, Ellen McDade ("McDade"), of defrauding Comeaux's heirs by tricking Comeaux into depositing money into retirement annuity accounts which named Lormand-Levy and McDade as exclusive death-benefit beneficiaries.

Lormand-Levy filed an Answer denying Martel's allegations in January 2023. The trial court's minutes reflect the parties appeared on March 6, 2023, for a hearing on Martel's petition to reopen the succession. During a pretrial conference held in

---

[3] Martel withdrew his request to "Consolidate the DiMauro Succession with this Succession."

chambers, the parties agreed to mediation and the hearing in this matter was continued to May 2023, pending the outcome of mediation.[4]

In April 2023, Lormand-Levy filed a Peremptory Exception of Res Judicata asserting her entitlement to dismissal of Martel's petition to reopen the succession pursuant to La.Code Civ.P. art. 425. Lormand-Levy alleged that Martel previously filed both a petition attacking the 2007 Judgment of Possession and an earlier petition to reopen the succession. Both were denied and neither denial was appealed.

At a hearing on May 8, 2023, Lormand-Levy's peremptory exception was denied, and the trial court requested that a Special Master be appointed before proceeding to its consideration of the merits on whether to reopen Comeaux's succession. The parties agreed, including Martel who appeared via Zoom.[5] The minutes reflect: "By agreement of all parties, the Court will make the appointment of a Special Master to be appointed."

Despite previously agreeing, Martel filed an opposition to the appointment of a Special Master in this matter on June 25, 2023. Consequently, a hearing was conducted on July 5, 2023. The minutes reflect Martel failed to appear and that the trial court appointed an expert attorney, Harold L. Domingue, Jr. ("Harold Domingue"), in accordance with La.Code Evid. art. 706, for the purpose of determining if there is a need to reopen Comeaux's succession. An Order to this effect was signed July 12, 2023.

Martel's petition to reopen succession and Lormand-Levy's motion to dismiss the petition were considered on September 25, 2023. Martel appeared via Zoom.

---

[4] There is no evidence in the record reflecting a mediation ever occurred.

[5] Unless otherwise indicated, Martel appeared in proper person.

The trial court denied Martel's request to reopen Comeaux's succession, noting it was Harold Domingue's recommendation the succession should not be reopened. The trial court filed Written Reasons for Judgment on October 12, 2023, and a judgment dismissing Martel's petition to reopen Comeaux's succession was signed October 31, 2023. From this ruling, Martel appeals.

## ASSIGNMENTS OF ERROR

Martel presents four assignments of error (references to the record omitted):

1. Whether the trial court erred in not citing any statute, law, or ruling in support of her denial of Appellant's <u>Petition to Re-open Succession, etc</u>.

2. Whether the trial court erred in denying Appellant's <u>Petition to Re-open Succession, etc</u> based solely on one made-up and false sentence in a letter from the "advisor" (Harold Domingue) she appointed, which Judge Breaux copied word-for-word in her Denial in open court and her written Reasons for Decision.

3. Whether the trial court erred in ordering a local attorney "for the purpose of determining if there is a need for the reopening of the Succession of Marie Therese Comeaux (Appellant's 2022 Petition) and to bill Appellant for his time . . . , and whether Judge Breaux met the requirement of *LA Code Ev Art. 706 (2022)*, since the local attorney (Harold Domingue) was not an expert witness regarding Succession and since the judge was ordering the Appellant to waive his right to have a judge make the determination of whether "there is a need for reopening of the Succession . . ." after a thorough review of the facts and evidence, the duty of a judge.

4. Whether the trial court erred in not granting Appellant's Petition to Re-open the Succession in his 2022 Petition based on the clear evidence presented, specifically that the Executor had made false statements under oath when she filed the Petition for Possession in 2007 in which she stated that all the other heirs waived an accounting at the time and that they were in agreement with the numbers Executor Lormand-Levy presented in the Petition for Possession. The heirs had not, and Lormand-Levy filed no verification with her false Petition for Possession. Since then, many pages of shockingly newly discovered evidence have been provided to further support reopening.

4

## APPELLANT'S ARGUMENTS

Martel argues the trial court based its decision solely upon Harold Domingue's flawed interpretation of a federal court's ruling in a separate federal lawsuit filed in 2020 by Comeaux's heirs against Wunderlich (now B. Riley Investments). He contends there is no legal basis for denying his petition to reopen because the trial court made no reference to the facts of the case or the applicable "statute, law, or ruling in support" of its ruling.

## APPELLEE'S POSITION

Lormand-Levy argues the thrust of all of Martel's attempts are his allegations of discovering Comeaux's Wunderlich account had a larger amount of funds than was included in the detailed descriptive list attached to the August 2007 Judgment of Possession. Lormand-Levy contends the detailed descriptive list reflected the cash value of Comeaux's Wunderlich account was $144,811, whereas the difference of approximately $460,000 of which Martel is claiming should have listed annuities owned by Comeaux as estate property. Lormand-Levy points out that Martel's petition to reopen acknowledges this fact. She further submits that annuities, like life insurance, are not probate assets, and are not included in a succession as a succession asset. *Succession of Catchings*, 22-460 (La.App. 5 Cir. 9/6/23), 370 So.3d 1251, *writ denied*, 23-1342 (La. 12/19/23), 375 So.2d 410; *Succession of Angus*, 54,180 (La.App. 2 Cir. 1/12/22), 330 So.3d 555.

Lormand-Levy also alleges Martel has made numerous attempts to attack Comeaux's succession since 2009. She argues Martel offered no evidence or testimony at any point in these proceedings to support the existence of a proper cause to reopen Comeaux's succession.

5

## LAW AND DISCUSSION

"Whether a succession will be reopened or not is within the sound discretion of the trial court." *In re Succession of Delegal*, 01-1581, p. 2 (La.App. 3 Cir. 4/3/02), 813 So.2d 1202, 1204 (citing *Succession of Villarrubia*, 95-2610 (La. 9/5/96), 680 So.2d 1147).

In his first and second assignments of error, Martel claims that the trial court erred because it did not cite an applicable "statute, law, or ruling in support" of its denial. He further contends that his request to reopen the succession was erroneously denied because the trial court relied upon the report of the Special Master, Harold Domingue.

It is well settled that the trial court's reasons for judgment, oral or written, form no part of the judgment. *Bellard v. Am. Cent. Ins. Co.*, 07-1335 (La. 4/18/08), 980 So.2d 654; La.Code Civ.P. art. 1918. "[A]ppellate courts review judgments, not reasons for judgment." *Bellard*, 980 So.2d at 671. A trial court's reasons are mere explanations of its determinations which do not alter, amend, or affect the final judgment being appealed. *Wooley v. Lucksinger*, 09-571 (La. 4/1/11) 61 So.3d 507.

In his third assignment of error, Martel argues the trial court erred in appointing Harold Domingue for the purpose of determining if there is a need to reopen Comeaux's succession. Despite having first agreed when the trial court notified the parties that it would appoint an expert to assist it, Martel did eventually object. In brief, Martel criticizes Harold Domingue as being a "local attorney" who is "listed as a bankruptcy specialist." He further complains that the appointment of an expert subjected him "to the judgment of a non-judge and to hundreds of dollars in hourly billings."

6

Louisiana Code of Evidence Article 702(A) provides when testimony by experts may be used.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates that it is more likely than not that:
>
> > (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (2) The testimony is based on sufficient facts or data;
> >
> > (3) The testimony is the product of reliable principles and methods; and
> >
> > (4) The expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*Id*. Pursuant to La.Code Civ.P. art. 192(A), the appointment of an expert witness is controlled by La.Code Evid. art. 706. Louisiana Code of Evidence Article 706(A) provides when the trial court may appoint an expert:

> In a civil case, the court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party.

As this court noted in *Philmon v. Philmon*, 04-673, p. 8 (La.App. 3 Cir. 11/10/04), 886 So.2d 1222, 1228:

> [An] expert . . . clearly should be subject to cross examination by the parties. Otherwise, . . . the report is objectionable and inadmissible as hearsay. The authority of the trial court . . . however broad, does not include the right *ex parte* to consider evidence obtained without affording the parties the opportunity of cross examination." *Petroutson v. First Nat'l Bank of Jefferson Parish*, 631 So.2d 1172, 1174 (La.App.

7

5 Cir.), *writ denied*, 635 So.2d 1113 (La.1994). [*Dufhilo v. D'Aquin*, 615 So.2d 522, 526 (La.App. 3 Cir.1993)] states "[a]lthough La.C.E. art. 706(A) does not so provide, it seems to us that fundamental fairness requires that a court-appointed expert should be subject to cross-examination."

The parties were not afforded an opportunity to cross-examine Harold Domingue. Therefore, we are required to consider only the admissible evidence in the record before us, and to render judgment by applying the correct law and determining the essential material facts de novo. *Philmon*, 886 So.2d at 1228 (quoting *Lasha v. Olin Corp.*, 625 So.2d 1002, 1006 (La.1993).

We now turn to the threshold issue Martel raises on appeal, which is that the trial court erred in refusing to reopen Comeaux's succession. Through numerous and lengthy memoranda, Martel details how Comeaux loved her nieces and nephews equally, such that she would never favor Lormand-Levy and McDade so lavishly at the expense of others. Martel claims he has proven Lormand-Levy's improper conduct justifies reopening Comeaux's succession. However, the record contains very little evidence, and none of it shows intentional wrongdoing by Lormand-Levy. While the record indicates that certain documents were appended to Martel's trial court memoranda, the supreme court has stated that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs. Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84. *See also In re Melancon*, 05-1702, p. 7 (La. 7/10/06), 935 So.2d 661, 666 ("Arguments and allegations made are not evidence.").

Louisiana Code of Civil Procedure Article 3393 sets forth under what circumstances a succession may be reopened. It provides:

A. After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested party, the court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.

B. After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration of successions formally or informally accepted by heirs or legatees and in successions where a judgment of possession has been rendered, in so far as same is applicable.

C. The reopening of a succession shall in no way adversely affect or cause loss to any bank, savings and loan association or other person, firm or corporation, who has in good faith acted in accordance with any order or judgment of a court of competent jurisdiction in any previous succession proceedings.

*Id.*

"The basic purpose of Article 3393 is to provide a means for dealing with overlooked succession assets." *Delegal*, 813 So.2d at 1204. The instant case does not involve property that was overlooked or omitted from the August 2007 Judgment of Possession. Martel, rather, is requesting Comeaux's succession be reopened because the value of the Wunderlich account was allegedly deliberately controlled by Lormand-Levy. The Wunderlich account was included as an asset of Comeaux's estate, thus, it was not overlooked—i.e., it is not "other property discovered" according to La.Code Civ.P. art. 3393(B). As Martel's petition to reopen the

succession is not for the reason of new or other property discovered, he must have some "other proper cause" to permit reopening. La.Code Civ.P. art 3393(B).

With regard to opening successions for other proper cause, the supreme court explained the limited application of this phrase in *Villarrubia*, 680 So.2d at 1150 (footnote omitted):

> Courts have found "other proper cause" under [La.Code Civ.P.] art. 3393 under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. *Succession of McLendon*, 383 So.2d 55 (La.App. 2nd Cir.1980). In *Estate of Sylvester*, where the trial court amended a judgment of possession because it evidenced an unequal distribution of estate assets that was not in accordance with the intent of the parties, the court of appeal applied the jurisprudence interpreting [La.Code Civ.P.] art. 3393 and noted that judgments of possession are rarely amended for grounds other than the discovery of additional property or new wills. *Estate of Sylvester*, 93-731, p. 5 (La.App. 3d Cir. 2/2/94), 631 So.2d 619. As stated in *Sylvester*, successions are not reopened to allow for collation, *see Succession of Trouard*, 281 So.2d 863 (La.App. 3d Cir. 1973); for the assertion of forced heirship rights, *see Succession of Lasseigne,* 488 So.2d 1303 (La.App. 3d Cir.), *writ denied*, 494 So.2d 327 (La. 1986) and *Averette v. Jordan*, 457 So.2d 691 (La.App. 2nd Cir. 1984); or for error of law, *see Succession of Williams*, 418 So.2d 1317 (La. 1982) and *Succession of McCarthy*, 583 So.2d 140 (La.App. 1st Cir. 1991).

Martel alleges Lormand-Levy's improper conduct caused money which should have belonged to Comeaux's estate and, in turn, to Comeaux's heirs, to be diverted instead to Lormand-Levy and McDade. This, Martel contends, justifies a reopening of the succession. Again, we find the record contains no evidence concerning illegal conduct by Lormand-Levy, or anyone, in regard to Comeaux's estate.

Considering the evidence and applicable jurisprudence, we find Martel has not shown entitlement to any relief from this court. Based on the evidence before it,

the trial court ruled that the succession of Comeaux should not be reopened. Its decision was well within its discretion.

## DECREE

The judgment of the trial court is affirmed. All costs are assessed to Appellant, Richard Comeau Martel.

**AFFIRMED.**